**RAJ V. ABHYANKER**, California SBN 233,284
raj@legalforcelaw.com
**BATKHAND ZOLJARGAL**, California SBN 262,918
zola@legalforcelaw.com
**LEGALFORCE RAPC WORLDWIDE**
1580 W. El Camino Real, Suite 10
Mountain View, California 94040
Telephone: 650.965.8731
Facsimile: 650.989.2131

Attorneys for Plaintiffs,
LegalForce RAPC Worldwide, P.C.,
LegalForce Inc., and Raj V. Abhyanker

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

UNLIMITED JURISDICTION

| | |
|---|---|
| 1. LEGALFORCE RAPC WORLDWIDE, P.C.; <br> 2. LEGALFORCE INC.; and <br> 3. RAJ V. ABHYANKER, <br><br> Plaintiffs, <br><br> v. <br><br> 1. CHRIS DEMASSA, DBA TMEXPRESS.COM & URGENTTRADEMARK.COM <br><br> Defendant; <br><br> AND DOES 1-50. | Case No. 5:18-cv-43 <br><br> **COMPLAINT FOR:** <br><br> 1. FEDERAL UNFAIR COMPETITION; <br> 2. CALIFORNIA UNFAIR COMPETITION; AND <br> 3. CALIFORNIA FALSE AND MISLEADING ADVERTISING. <br><br> **Unlimited Civil Jurisdiction** <br><br> **JURY TRIAL DEMANDED** |

1.   Plaintiffs LegalForce RAPC Worldwide, P.C., LegalForce, Inc., and Raj V. Abhyanker (jointly, "LegalForce" or "Plaintiffs") submit the following complaint (the "Complaint") against Chris DeMassa (doing business as "TMExpress.com & UrgentTrademark.com"), collectively referred to as TMExpress.com & UrgentTrademark.com Entities.

## NATURE OF ACTION

2.   This Complaint is brought by Plaintiffs to expose the willful, reckless and systematic acts of false and deceptive advertising and unfair competition by TMExpress.com & UrgentTrademark.com Entities with respect to search, preparation and filing of trademark applications before the United States Patent & Trademark Office ("USPTO").   Through its acts of preparing search reports and filing trademarks, TMExpress.com & UrgentTrademark.com Entities harm the "public interest" in that public consumers become susceptible to the risk of bad legal advice dispensed by unlicensed, un-trained, and uninformed non-lawyers.   Moreover, upon reason and belief, TMExpress.com & UrgentTrademark.com Entities fraudulently represent to the public that they have five in-house attorneys to assist (**Exhibit J, Section 1**).   The Plaintiffs ask TMExpress.com & UrgentTrademark.com Entities be enjoined from and pay damages for willful, reckless and systematic acts of false and deceptive advertising and unfair competition and other claims with respect to preparation,

search and filing of trademark applications before the USPTO.

## THE PARTIES

### The Plaintiffs

3. Plaintiff LegalForce RAPC Worldwide, P.C. ("LegalForce RAPC Worldwide") is a law firm wholly owned by Raj Abhyanker, a member in good standing of the State Bar of California, and the United States Patent Bar.   The Firm practices patent and trademark law before the USPTO with a principal place of business at 1580 W. El Camino Real Suite 10, Mountain View California 94040, and a law office at 446 E. Southern Avenue Tempe Arizona 85282.

4. Plaintiff LegalForce, Inc. is a Delaware corporation offering law firm automation and free trademark search services through its website Trademarkia.com with a principal place of business at 1580 W. El Camino Real Suite 9, Mountain View California 94040.

5. Plaintiff Raj Abhyanker is a California licensed attorney practicing patent and trademark law before the USPTO with a principal place of business at 1580 W. El Camino Real Suite 10, Mountain View California 94040, is the sole shareholder of Plaintiff LegalForce RAPC Worldwide and is a CEO of Plaintiff LegalForce, Inc.  Plaintiff Raj Abhyanker is a winner of the 2013 Legal Rebel award by the American Bar Association.

**The Defendant**

6. Chris DeMassa ("TMExpress.com & UrgentTrademark.com") is an individual with a principal place of business at 546 El Camino Real, Ste. 238, Los Altos, California 94022 and 2000 Pennsylvania Ave. NW, Suite 1010 Washington DC, 20006, with a residence at 1381 Marilyn Dr, Mountain View, California 94040. Upon reason and belief, TMExpress.com & UrgentTrademark.com are sole proprietorship websites owned by Chris DeMassa, as no corporate entity owner for these websites could be located. Chris DeMassa is not a licensed attorney in the United States and is not authorized to practice law in any state. Upon reason and belief, Chris DeMassa is not a registered or bonded legal document assistant under California Business and Professions Code, sections §6400 et seq.

7. DOES 1-50 are entities that participated in the transactions complained of herein in ways which are unknown to Plaintiffs. The true names, capacities, nature, and extent of participation in the alleged activities by DOES 1-50, inclusive, are unknown to Plaintiffs and therefore Plaintiffs sue these Defendants by such fictitious names. Plaintiffs will amend the complaint to allege their true names and capacities when ascertained.

## BACKGROUND OF THE PARTIES

8. Plaintiff LegalForce RAPC Worldwide is a law firm wholly owned by

Plaintiff Raj Abhyanker, a member in good standing of the State Bar of California, and the United States Patent Bar.   The Firm practices patent and trademark law before the USPTO with a principal place of business at 1580 W. El Camino Real Suite 10, Mountain View California 94040, and a law office at 446 E. Southern Avenue Tempe Arizona 85282.

9.   The website Trademarkia.com was created by the law firm of LegalForce RAPC Worldwide in 2009 but was spun off into a separate entity.   Plaintiff LegalForce RAPC Worldwide is the sole provider of legal services through the website Trademarkia.com with respect to trademark filings before the USPTO.

10.   LegalForce RAPC Worldwide employs, full time, more than ten (10) U.S. licensed trademark attorneys in its California and Arizona offices who substantially limit their practice to trademark law before the USPTO, and who are supported by legal support staff globally including in India, China, Poland, the United Kingdom and South Africa.   LegalForce RAPC Worldwide represents more than 10,000 clients from all over the United States and world, including over a thousand clients from the State of California.

11.   LegalForce RAPC Worldwide is the largest law firm filer of trademarks before the USPTO in each of the last five years.   The firm maintains interest on Lawyer Trust Account (IOLTA) trust accounts for all client funds, conducts robust conflict checks, and currently employs two former USPTO trademark

examining attorneys.  It has never been disciplined by the USPTO or the State Bar of California.    At least two of its former attorneys are currently hired as USPTO trademark examining attorneys after leaving LegalForce RAPC, and a number of its former associate attorneys or legal assistants have been hired in trademark and IP departments of leading Big Law IP firms including Orrick, Perkins Coie, Pillsbury Winthrop, DLA Piper, and Wilson Sonsini Goodrich & Rosati as well as in legal departments at leading technology companies, including Google, Inc., Facebook, Inc., and Apple, Inc.

12.   Plaintiff LegalForce, Inc. is a Delaware corporation offering law firm automation and free trademark search services through its website Trademarkia.com with a principal place of business at 1580 W. El Camino Real Suite 9, Mountain View California 94040.  The Chief Executive Officer (CEO) and co-founder of Plaintiff LegalForce, Inc. is Plaintiff Raj Abhyanker.  Plaintiff LegalForce, Inc. makes no revenue from preparation and filing on U.S. trademark applications.   It receives a flat monthly technology licensing revenue from Plaintiff LegalForce RAPC Worldwide independent of the legal services revenue secured by the firm LegalForce RAPC Worldwide through the Trademarkia.com website.

13.   Plaintiff Raj Abhyanker is a California licensed attorney practicing patent & trademark law before the USPTO with a principal place of business at

1580 W. El Camino Real Suite 10, Mountain View California 94040, is the sole shareholder of Plaintiff LegalForce RAPC Worldwide and is a CEO of Plaintiff LegalForce, Inc.   In 2013, he was named an American Bar Association Journal "Legal Rebel," an "annual honors program for the change leaders of the legal profession"[1] and a member of the Fastcase 50, an annual award that "recognizes 50 of the smartest, most courageous innovators, techies, visionaries, and leaders in the law."[2]

14.    Chris DeMassa ("TMExpress.com & UrgentTrademark.com") is an individual with a principal place of business at 546 El Camino Real, Ste. 238, Los Altos, California 94022 and 2000 Pennsylvania Ave. NW, Suite 1010 Washington DC, 20006, with a residence at 1381 Marilyn Dr, Mountain View, California 94040.   Upon reason and belief, TMExpress.com & UrgentTrademark.com are sole proprietorship websites owned by Chris DeMassa, as no corporate entity owner for these websites could be located. Chris DeMassa is not a licensed attorney in the United States and is not authorized to practice law in any state.   To avert regulatory scrutiny, upon reason and belief, DeMassa's Washington DC office only accepts telephone calls if caller ID is unblocked given the district's one party consent recording statute, as opposed to California's all party consent statute.   Upon reason and belief, Chris

[1] http://www.abajournal.com/magazine/article/2013_legal_rebels_a_banner_year
[2] http://www.fastcase.com/fastcase50-winners-2013.

DeMassa is not a registered or bonded legal document assistant under California Business and Professions Code, sections §6400 et seq.

## **JURISDICTION AND VENUE**

15.   This Complaint arises under the laws of the United States, 15 U.S.C. §1125 *et seq.*  This Court has original jurisdiction of this action under 28 U.S.C. §1331 because at least some of the claims alleged herein arise under federal law. This Court has supplemental jurisdiction under 28 U.S.C. §1367 over any non-federal claims because such claims are so related as to form part of the same case or controversy.  Moreover, Plaintiffs have standing to their California state claims under the California Business and Professions Code in accordance to California appellate case law in *Higbee v. Expungement Assistance Services*.[3]

16.   This Court has personal jurisdiction over TMExpress.com & UrgentTrademark.com Entities because the defendants solicit, transact and does business in California and this District via its website and at least one toll-free telephone number, a substantial part of the wrongful acts or omissions complained of herein occurred in this District, and the Defendants are subject to personal jurisdiction in this District.   TMExpress.com & UrgentTrademark.com

---

[3] **214 Cal. App. 4th 544 \*; 153 Cal. Rptr. 3d 865 \*\*; 2013 Cal. App**, in which the court concluded that the attorney alleged an identifiable trifle of injury sufficient to withstand a demurrer. The attorney alleged that he suffered losses in revenue and asset value and was required to pay increased advertising costs specifically because of the provider's unlawful business practices. To have standing under the UCL, the attorney was not required to have engaged in business dealings with the provider. The court saw no reason why the alleged violation of statutes concerning the unauthorized practice of law could not serve as a predicate for the attorney's UCL action. According to the attorney, the provider's unlawful business practices had taken customers away from him.

Entities purposefully directed its activities toward this District when it willfully and specifically targeted consumers here and a substantial part of the harm was felt in this District.

17.   Venue is proper in the United States District Court for the Northern District of California under 28 U.S.C. §§ 1391 (b) and (c).

## HARM TO PUBLIC INTEREST

18. Through its acts of preparing and filing trademarks, TMExpress.com & UrgentTrademark.com Entities harm the   "public interest" in that public consumers become susceptible to the risk of bad legal advice dispensed by unlicensed, un-trained, and uninformed non-lawyers.

19. Since Chris DeMassa is not a licensed attorney, then he is necessarily a non-lawyer that operates beyond the reach of protections built into the legal profession. Because regulatory protections are built into the legal profession, but no regulatory protections are in place for online legal services, consumers are worse off getting bad legal advice from TMExpress.com & UrgentTrademark.com Entities than from Plaintiffs.

20. The Plaintiffs are bound to the rules governing the legal profession and USPTO, and that those rules are designed to protect consumers. If it in fact achieves what it sets out to disclaim, TMExpress.com & UrgentTrademark.com's disclaimer (**Exhibit I and J, Section 1**) and privacy

policy (**Exhibit I and J, Section 3**) demonstrate that there is some merit to the argument that limiting the practice of law to lawyers benefits consumers by guaranteeing protections built into the legal profession.

21.  Consider the following excerpt directly from the homepage of TMExpress.com & UrgentTrademark.com's website.   Neither websites even have a Terms and Conditions page as of filing of this Complaint (**Exhibit I and J, Section 1**) .   For example, the TMExpress.com website includes disclaimers:

22. The information provided in this web site is not legal advice, but general information on legal issues commonly encountered (**Exhibit I, Section 1**).

23. TradeMark Express is not a law firm and is not a substitute for an attorney or law firm  (**Exhibit I, Section 1**).

24. By renouncing the attorney-client relationship and purporting to provide legal information rather than legal advice, TMExpress.com & UrgentTrademark.com hopes to achieve two business advantages at the expense of consumers: (1) sidestepping professional responsibilities governing the legal profession and (2) avoiding liability.

25. The Plaintiffs' emphasize that TMExpress.com & UrgentTrademark.com avoid the responsibilities of law practice by characterizing its services as "self-help" for pro se litigants and maintaining that the website cannot substitute for an attorney, without regard to any understandable assumptions otherwise.

TMExpress.com & UrgentTrademark.com's employees are trained to disseminate legal "advice." Despite this, if taken at face value, TMExpress.com & UrgentTrademark.com's disclaimer and privacy policy allow it to operate free from the confines of ethical rules enforceable upon attorneys.

26. Plaintiffs further argue that by falling outside the existing regulatory space for legal services—where regulations are designed by and applied to licensed lawyers—TMExpress.com & UrgentTrademark.com Entities deny consumers redress that they would otherwise have for faulty legal advice.

27. For example, communications with the TMExpress.com & UrgentTrademark.com's website are protected only by the company's Privacy Policy, not the attorney-client privilege or work product doctrine of Plaintiff LegalForce RAPC Worldwide. TMExpress.com & UrgentTrademark.com has no duty of confidentiality, which would otherwise prevent an attorney from revealing information relating to the representation. Under the existing regulatory structure, TMExpress.com & UrgentTrademark.com also operates beyond the reach of comparable disciplinary authorities for charging an unreasonable fee1 or obtaining consent for representing clients with conflicts of interest.

28. Upon reason and belief, deceptive advertising is another particularly relevant problem for many customers using TMExpress.com &

UrgentTrademark.com.     Plaintiffs' argue that if TMExpress.com & UrgentTrademark.com were a law firm, its practices would be disciplined by potential violations for communicating false or misleading information about its services.

29.     Moreover, Plaintiffs points out that TMExpress.com & UrgentTrademark.com limits its own liability for problems arising from its services in ways impermissible for practicing lawyers. By operating outside the professional rules, TMExpress.com & UrgentTrademark.com bypasses the duties of competence and diligence required of all lawyers practicing law—duties which, if violated, could give teeth to malpractice actions.     A comprehensive liability limitation clause requires that customers hold TMExpress.com & UrgentTrademark.com harmless for any for any loss, injury, claim, liability, or damage.   Without a lawyer to fall back on, customers relying on TMExpress.com & UrgentTrademark.com may sometimes fail to comply with jurisdiction-specific requirements, resulting in an increase of reliance on lawyers conducting post-mortem fixes to remedy problems.     Though the disclaimer is not guaranteed to waive TMExpress.com & UrgentTrademark.com of all liability, it makes it more difficult for clients to avoid shouldering liability for costly errors in legal documentation.

## ETHICS RULES RELEVANT TO ALL CLAIMS

I. USPTO'S DEFINITION OF UNAUTHORIZED PRACTICE OF LAW FOR TRADEMARK MATTERS BEFORE THE USPTO.

30.     Consulting with or giving advice to an applicant or registrant in contemplation of filing a trademark application or application-related document (**Exhibit A**).

31.     Preparing or prosecuting an application, response, post-registration maintenance document, or other related document  (**Exhibit A**).

II.  USPTO'S DEFINITION OF LEGAL ADVICE FOR TRADEMARK MATTERS BEFORE THE USPTO.

32.  Conducting pre-filing searches for potentially conflicting trademarks (**Exhibit B**).

33.  Analyzing or pre-approving documents before filing  (**Exhibit B**).

34.  Advising applicants on substantive examination issues, such as the acceptability of specimens and classification of goods and services  (**Exhibit B**).

III.  APPLICABLE RULES AND REGULATIONS ON THE PRACTICE OF LAW BEFORE THE USPTO.

USPTO RULES

35. **37 CFR §11.505 – Unauthorized Practice of Law.**  A practitioner shall not practice law in a jurisdiction in violation of the regulation of the legal

profession in that jurisdiction, or assist another in doing so.

36. **37 CFR §11.107 – Conflict of interest.** (a) Except as provided in paragraph (b) of this section, a practitioner shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if: (1) The representation of one client will be directly adverse to another client; or (2) There is a significant risk that the representation of one or more clients will be materially limited by the practitioner's responsibilities to another client, a former client or a third person or by a personal interest of the practitioner.

37. **37 CFR §11.115 - IOLTA trust account.** A practitioner shall hold property of clients or third persons that is in a practitioner's possession in connection with a representation separate from the practitioner's own property. Funds shall be kept in a separate account maintained in the state where the practitioner's office is situated, or elsewhere with the consent of the client or third person.

38. **37 CFR §11.18 – Signature and certification for correspondence filed in the Office.** (a) For all documents filed in the Office in patent, trademark, and other non-patent matters, and all documents filed with a hearing officer in a disciplinary proceeding, except for correspondence that is required to be signed by the applicant or party, each piece of correspondence filed by a practitioner in

the Office must bear a signature, personally signed or inserted by such practitioner, in compliance with § 1.4(d) or § 2.193(a) of this chapter.

39. There are other counterpart state court rules in before the California State Bar, not reprinted here, with largely similar restrictions.

///

CALIFORNIA CIVIL CODE

40. **California Business and Profession §6125 – Unlawful Practice of Law.** No person shall practice law in California unless the person is an active member of the State Bar.

IV.  VIOLATIONS OF UNAUTHORIZED PRACTICE OF LAW RULES OF THE USPTO BY GIVING LEGAL ADVICE TO CUSTOMERS FOR UNITED STATES TRADEMARKS & FALSE AND MISLEADING ADVERTISING.

41. Although Chris DeMassa represents on his websites TMExpress.com & UrgentTrademark.com that he does not practice law, this representation is false and/or misleading, upon reason and belief.   Specifically, TMExpress.com & UrgentTrademark.com Entities practice law when they offer "Free Expert Trademark Consultation" in which they "discuss your specific trademark situation" (**Exhibit I, Section 1**).

42. In addition, TMExpress.com & UrgentTrademark.com Entities perform detailed trademark searches, prioritizing search results without attorney review,

and false implying that they practice law so well that even attorneys seek their legal advice when they write "Attorneys hire us all the time, and seek our advice for their client's trademarks." (**Exhibit I, Section 1**). Therefore, upon reason and belief, after a trademark filing request is made on the TMExpress.com & UrgentTrademark.com website, TMExpress.com & UrgentTrademark.com practices law per the USPTO definition in critical steps in which classification of trademarks are determined, the description of goods and services are adjusted, and search results are reviewed with customers.

43. The evidence described above demonstrate that, upon reason and belief, TMExpress.com & UrgentTrademark.com violates a number of clear boundaries for practice of law, including:

a. **Consulting with or giving advice to an applicant or registrant in contemplation of filing a trademark application or application-related document and Advising applicants on substantive examination issues, such as the acceptability of specimens and classification of goods and services. (Exhibits A and B)**

b. **Conducting pre-filing searches for potentially conflicting trademarks (Exhibit B).**

c. **Analyzing or pre-approving documents before filing (Exhibit B).**

44.   Upon reason and belief, TMExpress.com & UrgentTrademark.com performs the "Modification Step" to ensure that it does not file ineffectual trademark applications that are highly likely to get rejected by the USPTO.  It seems, upon reason and belief, TMExpress.com & UrgentTrademark.com's non-lawyer staff are not well trained to provide this legal advice.

45. Upon reason and belief, after TMExpress.com & UrgentTrademark.com's Trademark Document Specialists provide critical legal advice during this Modification Step, the mark proceeds to the "trademark search" phase.  This "trademark search" phase is again performed non-lawyer staff without review by licensed attorneys in violation of the USPTO's practice of law definition in **Exhibits A and B**.  After the search is delivered by non-attorney staff to the customer , the phone support of TMExpress.com & UrgentTrademark.com in the post trademark search step provide legal advice by advising customers by giving them advice as to which specific trademarks in the search report are more likely to block a registration, upon reason and belief.

46. After the customer approves the search report, TMExpress.com & UrgentTrademark.com enters the customer's information directly into the USPTO website and requests a link from the USPTO to the signature form using an internal TMExpress.com & UrgentTrademark.com non-attorney staff's email ID, upon reason and belief (**Exhibit C**).

47.  Upon reason and belief, TMExpress.com & UrgentTrademark.com signs the USPTO link approving the trademark using non-attorney staff based on the partial customer's approval on the TMExpress.com & UrgentTrademark.com website.   Upon reason and belief, the reason that the approval is partial is because the TMExpress.com & UrgentTrademark.com website does not ask the customer to waive their privacy protections.   Upon reason and belief, TMExpress.com & UrgentTrademark.com unilaterally waives privacy protections and underlying copyright publication rights to the USPTO.

48.   Moreover, upon reason and belief, TMExpress.com & UrgentTrademark.com maintains no client trust account (IOLTA account) for trademark matters, uses non-lawyer assistants to evaluate specimens of use in commerce for authenticity, and performs no conflict checks against other customers.

49.  In contrast, as a law firm, Plaintiff LegalForce RAPC Worldwide and its licensed attorneys must conduct conflict checks with existing clients prior to taking on representation of prospective clients.[4]  It must place client funds in an IOLTA trust account prior to work being started.[5]  It must hire U.S. licensed

---

[4] **37 CFR §11.107 – Conflict of interest.**   (a) Except as provided in paragraph (b) of this section, a practitioner shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:  (1) The representation of one client will be directly adverse to another client; or (2) There is a significant risk that the representation of one or more clients will be materially limited by the practitioner's responsibilities to another client, a former client or a third person or by a personal interest of the practitioner.

[5] **37 CFR §11.115 - IOLTA trust account.** A practitioner shall hold property of clients or third persons that is in a practitioner's possession in connection with a representation separate from the practitioner's own property. Funds shall be kept in a separate account maintained in the state where the practitioner's office is situated, or

attorneys to counsel clients on trademark classification selection, modifying description of goods and services, and reviewing specimens provided by its clients for completeness and applicability to the selected classification. [6]

50. If Plaintiff LegalForce RAPC Worldwide and its licensed attorneys were to adopt a similar model as TMExpress.com & UrgentTrademark.com, it is very likely that the firm and its licensed attorneys would be disbarred and/or excluded from practicing law by the USPTO, any state in which they are licensed by a State Bar.

51. This is a real threat.   Recently, Matthew Swyers ("Swyers"), a former USPTO trademark examining attorney in private practice and founder of The Trademark Company, was excluded for practice by the USPTO for the conduct similar to TMExpress.com & UrgentTrademark.com's (**Exhibit D**).      In addition, another attorney Tracy W. Druce ("Druce") was suspended for failure to supervise assistants even though the lawyer did not know of the conduct of his assistants signing documents on his behalf (**Exhibit E**).      Moreover, the USPTO also excluded from practice Leonard Tachner ("Tachner"), who, was a suspended attorney whose corporation prepared and filed trademark applications while he was suspended on the grounds of unauthorized practice of law (**Exhibit**

---

elsewhere with the consent of the client or third person.

[6] **California Business and Profession §6125 – Unlawful Practice of Law.**  No person shall practice law in California unless the person is an active member of the State Bar.  **37 CFR §11.505 – Unauthorized Practice of Law.**  A practitioner shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so.

**F**).

52. Unlike Swyers, Druce, and Tachner, upon reason and belief, the USPTO and State Bars take no similar action against TMExpress.com & UrgentTrademark.com Entities. This double standard is a great injustice that harms both attorneys and the public at large.  Attorneys who have spent years going through law school, taking a difficult bar exam, maintaining an IOLTA trust account, and performing conflict checks **cannot** effectively compete against non-law firm competitors like TMExpress.com & UrgentTrademark.com on an even playing field.  It also lowers the standard of service to the public because TMExpress.com & UrgentTrademark.com customers rely on the legal advice given by non-attorneys.  For these reasons, an injunction and damages false advertising, unfair competition, malpractice, and other causes of action are sought.

V.  TMEXPRESS.COM & URGENTTRADEMARK.COM ENTITIES'
MISLEADING ONLINE ADVERTISING IS DAMAGING TO PLAINTIFFS'
GOODWILL AND MISLEADING TO THE PUBLIC WITH FALSE
COMPARISONS TO ATTORNEY LED SERVICES, AS SUCH ACTIONS
CAUSING IRREPARABLE HARM TO PLAINTIFFS.

53. Plaintiff LegalForce RAPC Worldwide and TMExpress.com & UrgentTrademark.com Entities are large purchasers of online advertising

including on Google and Bing per month for "trademark filing" related search terms.

54.  Upon reason and belief, TMExpress.com & UrgentTrademark.com Entities' non-attorney trademark filing service has threatened, and continues to threaten, Plaintiff LegalForce RAPC's business directly by competitively bidding against Plaintiff LegalForce RAPC Worldwide on Google and Bing for trademark related keywords through deceptive advertising which are predicated on the unauthorized practice of law.

55. Specifically, TMExpress.com & UrgentTrademark.com Entities' ads include deceptive advertising with headings such as "Free USPTO Filing. TM ® SM - Save $1000 .vs TM Attorney" which falsely implies TMExpress.com & UrgentTrademark.com Entities' offer a free USPTO service when there is at least a government filing fee of $275 per class, and "Save $1000 vs TM Attorney" which is demonstrably false given that the Chris DeMassa is aware that the Plaintiff LegalForce RAPC Worldwide is comparably priced to TMExpress.com & UrgentTrademark.com.  (**Exhibit I and J, Sections 4 and 5**).

56.  Upon reason and belief, TMExpress.com & UrgentTrademark.com's non-attorney trademark filing service has threatened, and continues to threaten, Plaintiff LegalForce RAPC's business directly by confusing potential clients

through deceptive advertising which are predicated on the unauthorized practice of law.

57. TMExpress.com & UrgentTrademark.com is not a law firm or authorized to practice law in any state.  Moreover, upon reason and belief, TMExpress.com & UrgentTrademark.com is not a registered or bonded legal document assistant under California Business and Professions Code, sections §6400 et seq.

58. Despite not being a law firm and despite not hiring any attorneys representing external clients, TMExpress.com & UrgentTrademark.com makes false web claims whenever consumers enter search terms related to the filing of trademark applications in the United States on Google, Bing and other search engines.

59. Specifically, TMExpress.com & UrgentTrademark.com Entities attempt to mislead consumers through a link designed to imply that it is a law firm. Specifically, TMExpress.com's meta-data for the web page linked at https://www.tmexpress.com/attorney/ with the page name text "Attorney - TrademarkExpress" (**Exhibit K**) misdirects a user to a page which says  "12 Reasons to Avoid Trademark Attorneys!" (**Exhibit L**) which goes on to make false comparisons such as "In the case where you are thinking of using a trademark attorney, we compiled 12 reasons why TradeMark Express is a WAY BETTER choice!" (**Exhibit L**).

60. Confusingly, on this same page where they write "12 Reasons to Avoid Trademark Attorneys!" (**Exhibit L**), TMExpress.com & UrgentTrademark.com Entities write "We have 5 trademark attorneys, whose time is FREE to you, with >150 combined years experience." (**Exhibit L**).   No names of the 5 trademark attorneys are identified anywhere on the websites for TMExpress.com & UrgentTrademark.com Entities.   No names of the 5 trademark attorneys are identified anywhere on social media for TMExpress.com & UrgentTrademark.com Entities.

61. Moreover, the "Attorneys" tab on the website UrgentTrademark.com has a misleading page name titled "Urgent Trademark - Attorneys - in-house trademark attorneys help when needed" on which no attorney profiles are listed and which boasts "We have 5 super experienced trademark attorneys located in Washington DC, Chicago & San Francisco. Each of our trademark attorneys have over 30 years of trademark law experience. They are here to expedite your trademark process. Our attorneys may help you with any trademark, international trademark, patent and copyright issue beyond your immediate trademark needs."  TMExpress.com & UrgentTrademark.com Entities are not a law firm, and therefore cannot hire in-house attorneys to represent external clients under the regulatory framework.   Therefore, TMExpress.com & UrgentTrademark.com Entities have no attorneys on full time staff and none

which are in-house, upon reason and belief (**Exhibit J, Section 2**).

62. In contrast, rules for mandatory conflict checks, attorney client privilege, and storing client funds in IOLTA accounts have been adopted by every State Bar, for the explicit purpose of protecting clients. TMExpress.com & UrgentTrademark.com boasts about eschewing these long standing client protections.   While not having power of attorney, not holding attorney client privilege, and not conducting conflict checks, yet still providing legal advice, TMExpress.com & UrgentTrademark.com's advertising copy is explicitly designed to wrongfully imply that paying anything more would be wasteful to clients to hire attorneys like the Plaintiff LegalForce RAPC Worldwide.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
FEDERAL FALSE & MISLEADING ADVERTISING AND UNFAIR COMPETITION IN VIOLATION OF THE FEDERAL TRADE COMMISSION ACT, 15 U.S.C. § 45, 15 U.S.C. § 52, 15 U.S.C. § 53 (Against Defendant Chris DeMassa and DOES 1-50)

63. Plaintiffs incorporate herein by reference paragraphs **1-62** above.

64. The Federal Trade Commission Act prohibits any unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, and declares such acts or practices unlawful.

65. TMExpress.com & UrgentTrademark.com is not a law firm in the United

States and is not authorized to practice law in any state. TMExpress.com & UrgentTrademark.com is not a registered or bonded legal document assistant under California Business and Professions Code, sections §6400 et seq.

66. The Federal Trade Commission Act prohibits false and misleading advertising and prohibits advertisers like TMExpress.com & UrgentTrademark.com from making any claim, and directly or indirectly, in words or in substance, qualified or unqualified, that contain express or implied falsehoods.

67. TMExpress.com & UrgentTrademark.com's false and misleading advertisements have deceived a substantial segment of the audience exposed to it, or have the capacity for such deception, and have influenced, or are likely to influence, consumer purchasing decisions.

68. TMExpress.com & UrgentTrademark.com sells, offers for sale, distributes, and/or advertises goods and services to consumers that directly compete with Plaintiffs' sales of their own services and products.

69. TMExpress.com & UrgentTrademark.com's conduct demonstrates an intentional, willful, and malicious intent to deceive consumers and unfairly compete with Plaintiffs.

70. TMExpress.com & UrgentTrademark.com's false and misleading advertisements have caused and, unless enjoined, will continue to cause

immediate and irreparable harm to Plaintiffs for which there is no adequate remedy at law.    In addition, as a result of TMExpress.com & UrgentTrademark.com's false and misleading advertisements, Plaintiffs have been injured, including but not limited to, decline in sales and market share, loss of goodwill, and additional losses and damages.  Furthermore, TMExpress.com & UrgentTrademark.com has been unjustly enriched at the expense of Plaintiffs as a consequence of TMExpress.com & UrgentTrademark.com's false and misleading advertising.  Accordingly, Plaintiffs are entitled to injunctive relief and to recover actual damages, enhanced profits and damages, costs, TMExpress.com & UrgentTrademark.com's profits, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## SECOND CLAIM FOR RELIEF
CALIFORNIA UNFAIR COMPETITION IN VIOLATION OF
CAL. BUS. & PROF. CODE § 17200 *ET SEQ.*
(Against Defendant Chris DeMassa and DOES 1-50)

71. Plaintiffs incorporate herein by reference paragraphs **1-70** above.

72.  TMExpress.com & UrgentTrademark.com's false comparisons with Plaintiffs' attorney managed U.S. trademark service as being comparable to TMExpress.com & UrgentTrademark.com's non-attorney service through misleading advertising, as alleged above, constitute unfair competition in violation of Section §17200 *et seq.* of the California Business and Professions

Code.

73.   TMExpress.com & UrgentTrademark.com uses "trademark" related search terms to redirect customers to TMExpress.com & UrgentTrademark.com's false and misleading advertisements and to disseminate such false and misleading advertisements in interstate commerce. As a result, TMExpress.com & UrgentTrademark.com has widely disseminated such false and misleading advertisements via the internet to relevant purchasing public so as to sufficiently constitute commercial advertising under the Section §17200 *et seq.* of the California Business and Professions Code.

74. As a result of TMExpress.com & UrgentTrademark.com's wrongful acts, Plaintiffs have suffered and will continue to suffer loss of hundreds of thousands of dollars of income, profits and valuable business opportunities and if not preliminarily or permanently enjoined, TMExpress.com & UrgentTrademark.com will have unfairly derived and will continue to derive income, profits and business opportunities as a result of its wrongful acts.

75. Pursuant to California Business and Professions Code Section §17200 *et seq.*, Plaintiffs seek an order of this Court preliminarily and permanently enjoining TMExpress.com & UrgentTrademark.com from continuing to engage in the unlawful, unfair and fraudulent acts or practices set forth herein, as well as compensatory damages and restitution.

## **THIRD CLAIM FOR RELIEF**

CALIFORNIA FALSE & MISLEADING ADVERTISING IN VIOLATION OF
CAL. BUS. & PROF. CODE § 17500 *ET SEQ.* and § 17600 *ET SEQ.*
(Against Defendant Chris DeMassa and DOES 1-50)

76. Plaintiffs incorporate herein by reference paragraphs **1-75** above.

77.   TMExpress.com & UrgentTrademark.com uses "trademark" related search terms to redirect customers to TMExpress.com & UrgentTrademark.com's false and misleading advertisements and to disseminate such false and misleading advertisements in interstate commerce.

78. As a result, TMExpress.com & UrgentTrademark.com has widely disseminated such false and misleading advertisements via the internet to relevant purchasing public so as to sufficiently constitute commercial advertising under the Section §17200 *et seq.* of the California Business and Professions Code.

79. TMExpress.com & UrgentTrademark.com's non-attorney trademark document specialists unlawfully assist customers with modifying goods and services descriptions, selecting classifications of trademarks to be filed before the United States Patent & Trademark Office, and filing trademarks before the United States Patent & Trademark Office.

80. TMExpress.com & UrgentTrademark.com is not a law firm in the United States and is not authorized to practice law in any state.  TMExpress.com &

UrgentTrademark.com is not a registered or bonded legal document assistant under California Business and Professions Code, sections §6400 et seq.

81. While using online advertising and websites to trigger and disseminate the misleading advertisements herein alleged, TMExpress.com & UrgentTrademark.com knew, or by the exercise of reasonable care should have known, that the advertisements were untrue and misleading and so acted in violation of Section §17500 of the Business and Professions Code.

82. TMExpress.com & UrgentTrademark.com's non-attorney trademark document specialists unlawfully assist customers with modifying goods and services descriptions, selecting classifications of trademarks to be filed before the USPTO, and filing trademarks before the USPTO.

83. TMExpress.com & UrgentTrademark.com has been unjustly enriched through its false and misleading advertising.

84. Plaintiffs have lost business caused by the false and misleading TMExpress.com & UrgentTrademark.com advertisements as a result of at least one customer refusing to do business with Plaintiffs due to the fact that TMExpress.com & UrgentTrademark.com advertisements falsely implying that TMExpress.com & UrgentTrademark.com offers trademark filing services with the USPTO in an ethically compliant manner, upon reason and belief.

85. Unless restrained by this court, TMExpress.com & UrgentTrademark.com

will continue with its untrue and misleading advertising, as alleged above, in violation of Section §17500 of the Business and Professions Code and in violation of Section §17509 of the California Business and Professions Code, thus, tending to render judgment in the instant action ineffectual and will cause additional injury to Plaintiffs for which Plaintiffs have no adequate remedy at law.

86. Pursuant to California Business and Professions Code Section §17500, Plaintiffs seek an order of this Court preliminarily and permanently enjoining TMExpress.com & UrgentTrademark.com from continuing to engage in the false and misleading advertising set forth herein, as well as compensatory damages and restitution.

87. TMExpress.com & UrgentTrademark.com's business practices and acts, fully described above, constitute an unlawful practice of law and create false and misleading impressions on potential clients of Plaintiff LegalForce RAPC Worldwide.

88. TMExpress.com & UrgentTrademark.com's business model and acts, including but not limited to its website and false and misleading advertising, constitute unfair practices, intentionally aimed at getting ahead of any competitors with lawful business conduct such as that of the Plaintiffs. The acts alleged herein continue to present a threat to Plaintiffs and average consumers,

especially the ones with limited resources.

89. TMExpress.com & UrgentTrademark.com's acts were, and are, likely to deceive an average consumer, and thus constitute unfair business practices as described herein.

90. TMExpress.com & UrgentTrademark.com has engaged in unlawful, unfair and fraudulent business practices and damaged the public and Plaintiffs through the conduct alleged herein.

91. Plaintiffs are informed, believe, and thereupon allege that TMExpress.com & UrgentTrademark.com's conduct as described herein was, and is, unlawful, unfair and/or fraudulent in violation of Section §17000 *et. sq.* of the California Business and Professions Code and has the potential to cause, and has in fact caused, confusion in the marketplace.

92. Plaintiffs have been irreparably harmed and will continue to be irreparably harmed as a result of TMExpress.com & UrgentTrademark.com's unlawful acts unless enjoined by this Court.

93. The conduct herein complained of was extreme, outrageous, surreptitious, and was inflicted on Plaintiffs in reckless disregard of Plaintiffs' rights.

94. Plaintiffs are entitled to an injunction restraining TMExpress.com & UrgentTrademark.com, and all persons acting in concert with them, from engaging in such further acts of unfair competition, including:

i. Enjoining non-lawyer assistants of TMExpress.com & UrgentTrademark.com to recommend and advise on selection of classifications of goods and services for trademark applications sought to be filed with the USPTO directly to customers, modify standard descriptions from the USPTO ID manual directly for customers and pay government fees on behalf of customers who are not represented by a lawyer.

ii.   Enjoining TMExpress.com & UrgentTrademark.com from purchasing misleading advertising related to trademark filing and registration and related keywords for non-attorney trademark filing services offered by TMExpress.com & UrgentTrademark.com with respect to U.S. trademark matters.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray judgment as follows:

1.  Temporary and permanent injunctions as defined herein be entered in their favor and against Defendant Chris DeMassa, and any company or entity in which Defendant Chris DeMassa has an ownership or beneficial interest, first temporarily and then permanently restraining and enjoining him, directly or indirectly, on his own or as a partner, or an employee from operating websites known as TMExpress.com & UrgentTrademark.com or any other website that attempts to offer any legal services requiring the practice of law including, but not limited to, U.S. trademark filing and prosecution services for office actions,

statements of use, oppositions, trademark watch, renewal, opposition, and litigation services.

2.   From further acts of false and misleading advertising and unfair competition that would damage or injure Plaintiffs.

3.   The Court find TMExpress.com & UrgentTrademark.com's acts of false and misleading advertising and unfair competition to be knowing and willful, and an exceptional case within the meaning of 15 U.S.C. §1117 and California law.

4.   Restitution as allowed under applicable statutes.

5.   Compensatory damages in an amount believed to be in excess of five hundred thousand dollars ($500,000.00) to be determined at trial.   Plaintiffs' damages are continuing each day as they are unable to compete fairly due to Defendants unlawful actions, and they will seek treble recovery of all additional damages they incur during the pendency of this lawsuit.

6.   Punitive damages in an amount to be determined at trial.

7.   Legal and equitable further relief as this court finds just and proper.

8.   Order compelling the USPTO to follow its stated procedures for notification to affected applicants of an excluded marks for all trademarks in which government fees were paid by the excluded party (**Exhibit H**) including, but not limited notifications to the affected applicant or registrant that:

i. Chris DeMassa, and none of his websites including but not limited to TMExpress.com & UrgentTrademark.com are not entitled to practice before the USPTO in trademark matters and, therefore, may not represent the applicant or registrant.

ii. Any trademarks and documents filed by Chris DeMassa, TMExpress.com or UrgentTrademark.com are *void ab initio*, meaning they were invalid from the start of any action taken by the excluded party.

iii. Chris DeMassa, and none of his non-attorney employees at TMExpress.com or UrgentTrademark.com may not sign checkboxes, pay government fees, prepare trademark applications, assist with responses to the USPTO's actions, authorize examiner's amendments or priority actions, conduct interviews with USPTO employees, or otherwise represent an applicant, registrant, or party to a proceeding before the USPTO.

iv. All correspondence concerning the application or registration will be sent to the domestic representative if one has been appointed, or, alternatively, and in most circumstances, to the applicant or registrant at his/her address of record.

9. Plaintiffs be awarded costs, prejudgment interest and attorneys' fees

pursuant to 15 U.S. Code § 7706 of the Federal Trade Commission Act for exceptional case, and other applicable statutes.


      Respectfully submitted this Wednesday January 3, 2018.


                LEGALFORCE RAPC WORLDWIDE P.C.


                /s/ Raj V. Abhyanker
                Raj V. Abhyanker
                California State Bar No. 233,284
                Attorney for Plaintiffs:
                LegalForce RAPC Worldwide, P.C.,
                LegalForce, Inc., and
                Raj V. Abhyanker

## JURY TRIAL DEMAND

Plaintiffs hereby request a jury trial for all causes of action alleged in this Complaint.


Respectfully submitted this Wednesday January 3, 2018.


LEGALFORCE RAPC WORLDWIDE P.C.


By   /s/ Raj V. Abhyanker
Raj V. Abhyanker
California State Bar No. 233,284
Attorney for Plaintiffs:
LegalForce RAPC Worldwide, P.C.,
LegalForce, Inc., and
Raj V. Abhyanker