IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGALFORCE RAPC WORLDWIDE P.C.,<br><br>Plaintiff,<br><br>v.<br><br>CHRIS DEMASSA,<br><br>Defendant. | Case No. 18-cv-00043-MMC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS; SETTING DEADLINE FOR DEFENDANT TO RESPOND TO FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 44 |

Before the Court is defendant Chris DeMassa's ("DeMassa") "Motion to Dismiss," filed July 2, 2018. Plaintiff LegalForce RAPC Worldwide, P.C. ("LegalForce RAPC") has filed opposition, to which DeMassa has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

In the operative complaint, the First Amended Complaint ("FAC"), LegalForce RAPC alleges DeMassa "operates a number of different trademark preparation websites" (see FAC ¶ 2), that he is engaging in "false and misleading advertising" on his websites (see FAC at 5:9; see also FAC ¶ 14-33, 35-37, 39 (identifying numerous challenged advertisements)), and that, although he is "not an attorney," he is "engaging in the unlawful practice of law" (see FAC ¶ 73). Based on said allegations, LegalForce RAPC asserts claims under the Lanham Act, 15 U.S.C. § 1125(a), as well as under §§ 17200 and 17500 of the California Business and Professions Code.

//

---

[1] By order filed August 27, 2018, the Court took the matter under submission.

By the instant motion, DeMassa, who proceeds pro se, seeks an order dismissing the FAC, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the ground that the FAC fails to state a claim upon which relief can be granted.[2]

Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint, and construe them in the light most favorable to the nonmoving party. See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). "To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation and citation omitted).

Here, DeMassa does not contend the factual allegations in the FAC, if true, would not suffice to state plausible claims under either the Lanham Act or §§ 17200 and 17500. Rather, DeMassa argues, the factual allegations in the FAC are not true. (See, e.g., Def.'s Mem. at 3-4 (denying his websites contained statements alleged in FAC); id. at 6 (denying having engaged in acts alleged in FAC to constitute practice of law); id. at 21 (denying having caused damage to LegalForce RAPC); id. at 25 (denying allegedly false statement was false).) Although such denials are appropriately included in an answer and may form the basis for a defense to the claims, they are not a cognizable ground for dismissal at the pleading stage. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (holding, under Rule 12(b)(6), "issue is not whether a plaintiff will ultimately prevail").

//

---

[2] DeMassa also argues the Court lacks subject matter jurisdiction over the FAC. The FAC, however, includes a claim "arising under the . . . laws . . . of the United States," see 28 U.S.C. § 1331, specifically, a claim under the Lanham Act, and the FAC's state law claims "form part of the same case or controversy" presented by said federal claim, see 28 U.S.C. § 1367(a). Accordingly, the Court finds it has subject matter jurisdiction over all claims alleged in the FAC.

Accordingly, the motion to dismiss is hereby DENIED, and DeMassa shall file an answer, as well as any other responsive pleading, to the FAC no later than September 28, 2018.

**IT IS SO ORDERED.**

Dated: September 7, 2018

MAXINE M. CHESNEY
United States District Judge