United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGALFORCE RAPC WORLDWIDE P.C.,<br><br>Plaintiff,<br><br>v.<br><br>CHRIS DEMASSA,<br><br>Defendant. | Case No. 18-cv-00043-MMC<br><br>**ORDER CONDITIONALLY GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT; SETTING DEADLINE FOR DEFENDANT TO FILE ANSWER; VACATING DEADLINE FOR PLAINTIFF TO FILE MOTION FOR DEFAULT JUDGMENT; VACATING DECEMBER 7, 2018 HEARING**<br><br>Re: Dkt. No. 58 |

Before the Court is defendant Chris DeMassa's ("DeMassa") "Motion to Set Aside Entry of Default," filed November 2, 2018. Plaintiff LegalForce RAPC Worldwide, P.C. ("LegalForce RAPC") has filed opposition. DeMassa, who proceeds pro se, has not filed a reply. Having read and considered the parties' respective written submissions, the Court finds the matter suitable for decision thereon, VACATES the hearing scheduled for December 7, 2018, and rules as follows.

On January 3, 2018, LegalForce RAPC filed the instant action. In the operative complaint, the First Amended Complaint ("FAC"), Legal Force RAPC alleges that DeMassa "operates a number of different trademark preparation websites" (see FAC ¶ 2), that he has made "false and misleadings" statements on his websites about his ability to provide legal services (see FAC at 5:9; see also FAC ¶ 14-33, 35-37, 39 (identifying challenged statements)), and that, although he is "not an attorney," he is "engaging in the unlawful practice of law" (see FAC ¶ 73). Based on said allegations, LegalForce RAPC asserts claims for relief under the Lanham Act, 15 U.S.C. § 1125(a), as well as under §§ 17200 and 17500 of the California Business and Professions Code.

On June 18, 2018, DeMassa filed a motion to dismiss the FAC, which motion the Court denied by order filed September 7, 2018. In said order, the Court directed DeMassa to file an answer no later than September 28, 2018. On October 2, 2018, LegalForce RAPC filed a Request for Entry of Default, noting therein that DeMassa had not filed an answer, and, on October 16, 2018, the Clerk of Court entered DeMassa's default. By the instant motion, DeMassa now seeks an order setting aside said entry of default.

A district court "may set aside an entry of default for good cause." See Fed. R. Civ. P. 55(c). In determining whether to set aside an entry of default, a "district court should consider whether: (1) the plaintiff would be prejudiced by setting aside the default; (2) the defendant has a meritorious defense; and (3) the defendant's culpable conduct led to the default." See O'Connor v. Nevada, 27 F.3d 357, 364 (9th Cir. 1994). This "test" is "liberally applied" in favor of the defendant, as "judgment by default is a drastic step appropriate only in extreme circumstances." See United States v. Signed Personal Check No. 730 of Yurban S. Mesle, 615 F.3d 1085, 1091 and n. 1 (9th Cir. 2010) (hereinafter, "Mesle").

Here, with respect to the first factor, LegalForce RAPC asserts it will be prejudiced in light of the manner in which it believes it will need to proceed, given DeMassa's status as a party proceeding pro se. In particular, LegalForce RAPC contends, its counsel, prior to the entry of default, had to "repeatedly" explain court procedures to DeMassa (see Pl.'s Opp. at 5:8-10), and argues it "should not be commandeered to provide legal advice to DeMassa and assist him in litigating this case" (see id. at 5:24 – 6:1). LegalForce RAPC, however, is under no obligation to provide legal advice or assistance to DeMassa. Moreover, whatever inconvenience LegalForce RAPC may have experienced, or might experience in the future, as a result of DeMassa's pro se status is not in any manner similar to the kinds of injury courts have considered prejudicial, and LegalForce RAPC has not identified any other consequence of the relief requested, let alone one that could be deemed prejudicial. See TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 701

1  (9th Cir. 2001) (holding,"to be considered prejudicial," delay caused by defendant's failure
2  to respond "must result in tangible harm such as loss of evidence, increased difficulties of
3  discovery, or greater opportunity for fraud or collusion") (internal quotation and citation
4  omitted).

5      Accordingly, the first factor weighs in favor of setting aside the default.

6      Next, the Court considers whether DeMassa has alleged facts that, if true, would
7  constitute a defense to the claims alleged against him. See Mesle, 615 F.3d at 1094
8  (holding defendant satisfies the "meritorious defense" requirement by "alleg[ing] sufficient
9  facts that, if true, would constitute a defense"). As noted, the claims alleged in the FAC
10 are that DeMassa, who is not an attorney, states on his websites that he can provide
11 legal services to clients and that DeMassa is practicing law without a license. In his
12 motion, DeMassa alleges facts that would, if true, constitute a defense to said claims,
13 specifically, that he and his employees do not provide legal advice to his clients, but,
14 rather, that they refer clients needing legal advice to "trademark attorneys" who can
15 provide such services. (See Def.'s Mot. at 5-6.)

16     Accordingly, the second factor weighs in favor of setting aside the default.

17     Lastly, the parties dispute whether the entry of default was the result of culpable
18 conduct. Relying on its having advised DeMassa, on two occasions prior to September
19 28, that the Court had directed him to file an answer by said date (see Abhyanker Decl.
20 ¶¶ 3, 10, Exs. A, G), LegalForce RAPC argues that DeMassa "consciously" ignored the
21 Court's order,[1] thereby engaging in culpable conduct (see Pl.'s Opp. at 2:20-22). As the
22 Ninth Circuit has explained, however, "a [defendant] cannot be treated as culpable simply

---

[1] Although DeMassa does not deny receiving such communications from LegalForce RAPC, he states he did not receive from the Court the order directing him to file an answer. (See DeMassa Decl. at 2.) According to DeMassa, although the Court granted his motion allowing him to participate in the Electronic Filing System ("ECF"), he subsequently has been unable to understand how to retrieve electronically filed documents or to otherwise use ECF. (See id.) In an order filed concurrently herewith, the Court has vacated its order allowing DeMassa to become an Electronic Case Filing user.

3

for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the [defendant] must have acted with bad faith, such as an intention to take advantage of the [plaintiff], interfere with judicial decisionmaking, or otherwise manipulate the legal process." See Mesle, 615 F.3d at 1092. Here, assuming, arguendo, DeMassa made a conscious decision not to file an answer by a court-ordered deadline, there is no evidence suggesting DeMassa acted in bad faith in so doing. Rather, although not clearly stated, it appears DeMassa may not have filed an answer because he believed the parties "were very close to a settlement." (See DeMassa Decl. at 2; see also Pl.'s Mot. Ex. 1); see also Mesle, 615 F.3d at 1092 (holding, for purposes of motion to set aside default, "simple carelessness is not sufficient to treat a negligent failure to [answer] as inexcusable," unless other factors, such as prejudice, "weigh heavily in favor of denial of [such] motion").

Accordingly, all factors weighing in favor of setting aside the default, the Court will grant DeMassa's motion, on the condition, however, that DeMassa file an answer to the FAC no later than December 21, 2018. DeMassa is advised that, in the event he fails to file an answer by December 21, 2018, the Court will vacate the instant order and the entry of default will not be set aside.

**CONCLUSION**

For the reasons stated above, DeMassa's motion to set aside the entry of default is hereby CONDITIONALLY GRANTED. Specifically, DeMassa must file an answer to the FAC no later than December 21, 2018.

In light of the above, the December 7, 2018, deadline for LegalForce RAPC to file a motion for default judgment is hereby VACATED.

**IT IS SO ORDERED.**

Dated: November 30, 2018

MAXINE M. CHESNEY
United States District Judge

4