United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGALFORCE RAPC WORLDWIDE P.C.,<br><br>Plaintiff,<br><br>v.<br><br>CHRIS DEMASSA,<br><br>Defendant. | Case No. 18-cv-00043-MMC (TSH)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL AND MODIFYING THE PROTECTIVE ORDER**<br><br>Re: Dkt. No. 79 |

In this case, Plaintiff LegalForce RAPC Worldwide, P.C. ("RAPC") sues Defendant Chris Demassa, who does business as TMExpress.com and UrgentTrademark.com. First Amended Complaint ("FAC"), ECF No. 33. RAPC is a law firm that practices patent and trademark law. *Id*. ¶ 7. It alleges that Demassa operates a number of trademark preparation websites that advertise legal services performed by lawyers, when in fact it has no lawyers. *Id*. ¶¶ 2-4. RAPC alleges that it competes with Demassa to provide small businesses with affordable access to legal services that allow them to protect their marks through preparation and filing with the U.S. Patent and Trademark Office. Both use technology and innovation to provide these services for hundreds of dollars instead of the thousands of dollars that traditional law firms charge. *Id*. ¶ 3. But, RAPC says that Demassa is cheating because his advertisements – that trademark attorneys provide his services – are false, and also that he is engaged in the unauthorized practice of law. *Id*. ¶¶ 4, 6. Not hiring actual lawyers lets Demassa charge less than RAPC, diverting business from it to him.

*Id*. ¶ 6. The firm sues for false advertising under the Lanham Act, *id*. ¶¶ 60-69, and under California Business and Professions Code sections 17200 and 17500, *id*. ¶¶ 70-88.

Demassa, who is pro se, says the case is frivolous and designed to put him out of business. Answer at 2, ECF No. 65. He says his advertising is entirely truthful: He is not running a law firm and does not have attorneys on staff. His advertising says that trademark attorneys are available to provide legal advice because that is true through his referral network. *Id*. at 3. And he says RAPC knows this because the owner of the firm, who is also lead counsel for RAPC in this action, has hired him over the years. *Id*. at 4.

The parties are here on RAPC's motion to compel the production of documents. ECF No. 79. RAPC served its document requests on February 21, 2019. ECF No 79-2, Ex. 1 at 9. Demassa did not serve a written response, ECF No. 79-1, ¶ 4, but he did orally tell RAPC that he did not want to provide the requested documents to it because they are competitors. ECF No. 79 at 5. RAPC moved to compel, and Demassa did not file an opposition to the motion. However, the public record indicates that at a settlement conference the parties discussed a partial settlement that at the time seemed likely to moot the motion to compel. ECF No. 82. A subsequent audit of Demassa's finances appears to have derailed that settlement proposal, however, so the motion to compel is no longer moot. ECF No. 88.

The Court turns, then, to the motion. Demassa's failure to serve written objections would ordinarily be the end of the matter, *see Richmark. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."), but the Court may "excuse the failure to timely respond for good cause." *Lam v. City & County of San Francisco*, 2015 WL 4498747, *3 (N.D. Cal. July 23, 2015). "In determining whether a party has shown good cause, a court should evaluate relevant factors, including: (1) the length of the delay; (2) the reason for the delay; (3) the existence of bad faith; (4) the prejudice to the party seeking the disclosure; (5) the nature of the request; and (6) the harshness of imposing the waiver." *Id*. Here, it is clear that Demassa orally objected to providing his financial information to a competitor before the deadline to serve written objections had expired, so there actually was no delay in communicating the substance of his

2

objection (factors 1 and 2). Although an oral objection instead of a written one is improper under Federal Rule of Civil Procedure 34, there is no apparent bad faith (factor 3) or prejudice to RAPC (factor 4). The discovery requests are partially overreaching and finding a waiver would be harsh (factors 5 and 6). So, the Court will excuse Demassa's failure to serve written objections.

Demassa's objection to producing financial documents to his competitor is understandable but can be accommodated. The attorneys representing RAPC in this case are RAPC attorneys (i.e., the firm is representing itself), so if Demassa produced his financial information to them, it would go to his competitors. The stipulated protective order is intended to resolve that problem. It defines certain items as "confidential," and provides that confidential information may be provided only to RAPC's outside counsel, Emil J. Ali, his employees, RAPC's outside accountant, and the Court and its personnel. ECF No. 84. At the hearing, RAPC advised that Mr. Ali is no longer available to serve in this role and that Bruno Tarabichi will serve in his place. Further, the definition of confidential information in the protective order does not include all of the things RAPC is asking for in this motion. Accordingly, the Court **MODIFIES** the protective order and **ORDERS** that (1) Bruno Tarabichi replaces Emil J. Ali as RAPC's outside counsel of record in paragraph 2.3, and (2) everything Demassa produces in response to this order is deemed "confidential" under the protective order.

Onto the merits. RAPC says the requested information is relevant to show Demassa's profits and to establish causation for RAPC's lost profits, both measures of damages it may recover under the Lanham Act. Under sections 17200 and 17500, RAPC acknowledges the only relief it can recover is an injunction, and it seeks Demassa's financial information to show loss of market share as part of demonstrating an entitlement to injunctive relief.

Most of the requests for production ("RFPs") seek financial information. RFP No. 8 seeks financial statements and tax returns (federal and state) since 2008, that identify, at a minimum, revenue and profit from trademark application filing, trademark search, and other services (e.g., responding to office actions, correcting trademark applications, etc.), cost of sales, and advertising expenses. RFP 12 requests Demassa's general ledgers since 2008. RFP 13 requests his annual profit and loss and/or income statements since 2008, which include, but are not limited to, the

3

following numbers: his revenues, cost of goods sold, gross margin, general and administrative expenses, EBITDA, net income and profit. RFP 14 asks for Demassa's balance sheets since 2008.

At the hearing Demassa argued that except for tax returns, he doesn't have any of these things. He says he runs a small business and does not maintain financial statements, general ledgers, P&L statements, income statements, or balance sheets. RAPC offered no evidence or argument that Demassa does have these kinds of financial records.[1] Demassa does say he and his book keeper have records that show how much revenue his business has earned, what his business expenses are, and the profit his business earns. In fact, he had to assemble those records for the audit of his finances that recently occurred in connection with the settlement discussion. Those documents are relevant because they show his profits from the business that RAPC claims is being falsely advertised, which RAPC could potentially recover as Lanham Act damages if the firm wins the case on the merits.

RAPC's request for Demassa's tax returns is overreaching, however. The returns presumably include personal information unrelated to the business activities he is being sued over. Thus, producing the underlying business records that are used to create the tax returns gives RAPC the relevant information it is entitled to while avoiding disclosing personal and irrelevant information.

The time frame of the requests – 2008 to the present – is also overreaching. This case was filed in January 2018. The statute of limitations for the state law claims is four years. Cal. Bus. & Prof. Code § 17208. There is no statute of limitations on the Lanham Act claim. However, in California, a presumption of laches arises in a Lanham Act claim where the plaintiff filed suit more than four years after it knew or should have known of its claim. *See Pinkette Clothing, Inc. v. Cosmetic Warriors Limited*, 894 F.3d 1015, 1025 (9th Cir. 2018); *see also* 6 McCarthy on Trademarks and Unfair Competition (5th ed.) § 31:33 ("Unlike both Copyright law and Patent law, each of which has its own federal statute of limitations, the federal Lanham Act has no statute

---

[1] The Court is taking Demassa at his word about the records he has because there is no reason to doubt he is being truthful and because RAPC does not contend other records exist. If it turns out that other records do exist, the Court would be willing to reconsider this discovery order.

4

of limitations. . . .Most courts will use the relevant statute of limitations as a benchmark to create a presumption of a defense of laches.").

RAPC makes no assertion that it could recover damages from earlier than January 2014. Instead, it argues that the trajectory of growth of Demassa's business is relevant to show RAPC's loss of market share over time, which could support its request for injunctive relief. That is a fair point, but it is already May 2019, so if Demassa produces information back to the start of the limitations period (or to when laches presumptively began to apply), that is more than five years' worth of information, which seems more than sufficient to evaluate a claim for injunctive relief that would at the soonest be made early next year if RAPC wins at trial. (The firm has not moved for a preliminary injunction in the nearly year and a half since it brought suit.)

Accordingly, the Court **ORDERS** Demassa to produce documents that show how much revenue his business has earned, what his business expenses have been, and the profit his business earned from January 2014 to the present. He must produce those documents to Tarabichi within 30 days of this order. The Court **ORDERS** RAPC to provide Demassa with Tarabichi's mailing address within 24 hours of this order.

That takes care of the RFPs for financial information and leaves us with RFP 10, which seeks documents that demonstrate, on a month-by-month basis, the total number of visits to Demassa's websites from 2008 to the present, including the number of visits to sections of those websites that provide trademark filing and related services. RAPC says this information is relevant to show the growth and success of Demassa's business. The Court disagrees. Raw numbers of website visits are probably somewhat connected to the size of the business, but the link between the two is at best tenuous. A 50% increase in website hits, for example, could be due to any number of factors, such as a better use of Google adwords. That might or might not mean there is more actual business, and even if there is, there's no reason to assume some kind of linear relationship between website hits and volume of business. The gap between the number of website hits and the growth of a business is just too big to justifiably treat the former as relevant evidence of the latter. Indeed, it's hard to imagine a damages expert using website hits to measure business growth instead of, for example, actual business records. Since obtaining information to

provide to its damages expert is exactly what RAPC says this motion to compel is about, the Court **DENIES** the motion as to RFP 10.

**IT IS SO ORDERED.**

Dated: May 23, 2019

_____
THOMAS S. HIXSON
United States Magistrate Judge