1  RAJ V. ABHYANKER, California SBN 233284
   Email: raj@legalforcelaw.com
2  WENSHENG MA, California SBN 299961
   Email: vincent@legalforcelaw.com
3  LEGALFORCE RAPC WORLDWIDE, P.C.
4  1580 W. El Camino Real, Suite 10
   Mountain View, CA 94040
5  Telephone:    (650) 965-8731
   Facsimile:    (650) 989-2131
6

7  Attorneys for Plaintiff,
   LegalForce RAPC Worldwide, P.C.,
8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                     SAN FRANCISCO DIVISION

12

13 LEGALFORCE RAPC WORLDWIDE,          Case No.:  3:18-cv-00043-MMC
   P.C.;
14                                     **PLAINTIFF'S NOTICE OF MOTION AND**
15           Plaintiff,                **MOTION FOR SANCTIONS AND**
                                       **CONTEMPT**
16      v.

17                                     Date:        August 22, 2019
   CHRIS DEMASSA, DBA                  Time:        10:00 a.m.
18 TMEXPRESS.COM &                     Dept.:       Courtroom A, 15th Floor
                                       Judge:       Hon. Thomas S. Hixon
19 URGENTTRADEMARK.COM,

20           Defendant.

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, on August 22, 2019 at 10:00 a.m., or as soon thereafter as this matter may be heard in Courtroom A of the United States District Court for the Northern District of California, located at 450 Golden Gate, San Francisco, California, Plaintiff LegalForce RAPC Worldwide, P.C. ("RAPC") will and hereby does move for sanctions and an order holding Defendant Chris Demassa ("Demassa") in contempt of court pursuant to Rule 37(b)(1) of the Federal Rules of Civil Procedure ("FRCP") and Local Rule 37-4 of the Northern District of California.

This Motion is made on the grounds that (i) on May 23, 2019, this Court issued an Order compelling Demassa to produce financial records to LegalForce's outside counsel Bruno Tarabichi within 30 days (i.e., by June 22, 2019); and (ii) Demassa has not produced such documents and refused to do so.

This motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities below; the accompanying declarations of Raj Abhyanker, Wensheng Ma and Bruno Tarabichi, the accompanying Proposed Order, the pleadings and papers on file in this action, any arguments of counsel at any hearing held by the Court in connection with this Motion, and such further evidence that the Court may allow.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

This Motion seeks sanctions against Demassa for his willful noncompliance with this Court's May 23, 2019 Order compelling Demassa to produce financial documents to LegalForce's outside counsel, Bruno Tarabichi, by June 22, 2019. After the Court issued its Order, LegalForce promptly provided Mr. Tarabichi's mailing address to Demassa, along with a copy of the May 23, 2019 Order. In addition, Mr. Tarabichi contacted Demassa by telephone to arrange for the production. Rather than agreeing to produce the ordered financial documents, Demassa refused to produce any documents and has not produced any documents. Demassa's refusal is a direct violation of this Court's May 23, 2019 Order and without any justification

whatsoever. Left with no recourse other than seeking further relief from this Court, LegalForce now moves for sanctions against Demassa and an order holding Demassa in civil contempt.

## II.    RELEVANT BACKGROUND

### A.    This Court Issued an Order Compelling Demassa to Produce Financials

On April 14, 2019, LegalForce filed a Motion to Compel against Demassa. *See* ECF No. 79. The Motion to Compel sought the production of miscellaneous financial documents in response to Request for Production Nos. 8 and 10-14. *Id*.

On May 23, 2019, this Court granted in part LegalForce's Motion to Compel. *See* ECF No. 91. More specifically, the Court ordered the following:

> Accordingly, the Court **ORDERS** Demassa to produce documents that show how much revenue his business has earned, what his business expenses have been, and the profit his business earned from January 2014 to the present. He must produce those documents to Tarabichi within 30 days of this order. The Court **ORDERS** RAPC to provide Demassa with Tarabichi's mailing address within 24 hours of this order.

*See* ECF No. 91, at 5:11-15.

Because the Court issued its Order on May 23, 2019, DeMassa was required to produce the financial documents no later than June 22, 2019.

### B.    LegalForce Promptly Complied with the Order by Providing Mr. Tarabichi's Contact Information

On May 23, 2019—the same day the Court issued its Order, LegalForce provided Demassa with Mr. Tarabichi's mailing address, as well as a courtesy copy of the Court's Order. *See* Declaration Of Wensheng Ma In Support Of Plaintiff's Motion For Sanctions And Contempt ("Ma Decl."), ¶ 4, Ex. A. By providing Mr. Tarabichi's address within 24 hours as ordered by the Court, LegalForce had complied with all of its obligations under the Order. With Mr. Tarabichi's mailing address, Demassa was under an obligation to produce documents by June 22, 2019 pursuant to the Court's Order.

### C.    Demassa Refused to Produce Financial Documents

On Friday, May 31, 2019, Mr. Tarabichi received a voice message from Demassa. *See* Declaration Of Bruno Tarabichi In Support Of Plaintiff's Motion For Sanctions And Contempt

1  ("Tarabichi Decl."), ¶ 2. In his voice message, Demassa acknowledged receiving Mr. Ma's

2  email regarding the financial documents and requested a call back. *Id*.

3      On Monday, June 3, 2019, Mr. Tarabichi returned Demassa's phone call. *Id*., at ¶ 3.

4  During the call, Mr. Tarabichi explained to Demassa that he was LegalForce's outside counsel

5  and that his role in the case was limited to handling information and documents marked

6  ATTORNEYS' EYES ONLY that LegalForce's in-house counsel are not otherwise permitted to

7  view or possess. *Id*. Mr. Tarabichi also referred Demassa to the Court's Order. Despite Mr.

8  Tarabichi comporting himself professionally during the phone call, Demassa disparaged Mr.

9  Tarabichi during the call, calling him a liar and refusing to produce the documents. *Id*. In fact,

10  towards the end of the call, Demassa revealed that he had been secretly recording the telephone

11  call between Mr. Tarabichi and himself without Mr. Tarabichi's consent.[1] *Id*.

12      After his phone call with Demassa, Mr. Tarabichi informed LegalForce's counsel Mr.

13  Abhyanker and Mr. Ma that Demassa refused to provide documents. This led to an email

14  exchange between Mr. Abhyanker and Demassa. *See* Declaration Of Abhyanker In Support Of

15  Motion For Sanctions And Contempt ("Abhyanker Decl."), ¶ 3, Ex. A. As reflected in the email

16  exchange, Demassa's misunderstanding of the Court's Order is evident. He wrongly claims that

17  Mr. Tarabichi was required to be an accountant by the Court and that he is a LegalForce

18  attorney. *Id*. In addition, Demassa falsely claimed that he had "already complained to the court

19  about your & his misconduct." *Id*.

20      There has been no additional correspondence or communication between the parties since

21  June 4, 2019. Demassa failed to produce the ordered documents by the June 22, 2019 deadline

22  ordered by the Court despite his full knowledge of the Court's Order. Tarabichi Decl., ¶ 4.

23  **III.   ARGUMENT**

24      **A.   Demassa should be sanctioned pursuant to FRCP 37 and Local Rule 37-4**

25  If a party disobeys a discovery order, FRCP 37(b)(2)(A) permits the other party to seek

26

27  [1] Given Demassa's propensity to fabricate and mischaracterize his interactions with LegalForce's
   in-house counsel and Mr. Tarabichi, LegalForce respectfully requests that the Court consider
28  ordering all discovery meet and confers to be recorded so that the Court can listen to them if
   future disputes necessitate it. In addition, both LegalForce and Mr. Tarabichi have grown weary
   of Demassa's false accusations.

sanctions against the disobeying party. Specifically, FRCP 37(b)(2)(A) provides as follows:

> (2) *Sanctions Sought in the District Where the Action Is Pending.*
>
> (A) *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

*See* Fed. R. Civ. P. 37(b)(2)(A).

One form of sanctions that is justified under FRCP 37(b)(2)(A) is coercive sanctions, which is a sanction intended to coerce a party to comply with the court's orders and is conditioned upon continued noncompliance. *See Cuviello v. Field Entm't, Inc.*, 2015 U.S. Dist. LEXIS 24263, *9-10 (N.D. Cal. Feb. 27, 2015). In *Cuviello*, this Court issued the following coercive sanctions: "To incent Cuviello to produce all material not yet produced—in unredacted form—as soon as possible, this court imposes a daily sanction of $500 until the production is made in full." *Id*.

In the instant case, LegalForce respectfully requests that the Court enter coercive sanctions against Demassa. As recounted in Section II above, this Court issued a discovery Order on May 23, 2019 ordering Demassa to produce financial documents no later than June 22,

1    2019. *See* ECF No. 91. LegalForce provided Demassa with the mailing address of its outside

2    counsel to permit Demassa to make the production in accordance with the Court's Order.

3    Instead of producing the ordered financial documents, Demassa simply refused to produce any

4    documents. Accordingly, LegalForce requests that this Court impose a daily sanction in the

5    amount of $500 until Demassa produces the ordered financial documents in full.

6    **B.    As part of the sanctions, Demassa should be forced to pay LegalForce's**

7    **attorneys' fees incurred in this discovery dispute**

8    In addition to the sanctions available under FRCP 37(b)(2)(A), FRCP 37(b)(2)(C)

9    requires a federal court to order the disobedient party to pay the moving party's reasonable

10   expenses, including attorneys' fees. *See* Fed. R. Civ. P. 37(b)(2)(A). In this regard, monetary

11   sanctions in the form of reasonable attorneys' fees is appropriate when a party fails to obey a

12   discovery order. *See, e.g.*, *Ho v. Pinsukanjana*, 2019 U.S. Dist. LEXIS 96296, *24 (N.D. Cal.

13   May 15, 2019) (awarding $12,275.25 in attorneys' fees). Similarly, Local Rule 37-4 permits a

14   party to move for an award of attorneys' fees and other sanctions when filing a motion for

15   sanctions under FRCP 37 for failing to obey a discovery order. *See* Local Rule 37-4.

16   In the instant case, LegalForce should be awarded its attorneys' fees incurred both in

17   seeking Demassa's compliance with the Court's Order, as well as its attorneys' fees incurred in

18   filing the instant Motion for Sanctions. With regard to LegalForce's original Motion to Compel,

19   LegalForce incurred **$4,450** in attorneys' fees to prepare the moving papers, reply papers, and

20   attend and argue the hearing on the motion. *See* Ma Decl. ¶ 5; Abhyanker Decl. ¶ 5. With regard

21   to the instant Motion for Sanctions, LegalForce has incurred **$1,750** in attorneys' fees to prepare

22   the moving papers. *See* Ma Decl. ¶ 5; Tarabichi Decl. ¶ 5. This amounts to a total of **$6,200**. Of

23   course, LegalForce will also incur additional attorneys' fees in connection with preparing the

24   reply brief in support of the instant Motion for Sanctions and arguing this Motion at the hearing.

25   LegalForce will supplement its calculation of attorneys' fees and provide it to the Court once all

26   such fees have been incurred.

27   **C.    Demassa should be held in civil contempt**

28

1    In addition to FRCP 37 sanctions, Demassa should be held in civil contempt.[2] In order to

2  hold a party in contempt, the Court must find, "based on clear and convincing evidence, that (1)

3  the party violated a court order, (2) beyond substantial compliance, and (3) not based on a good

4  faith and reasonable interpretation of the order." *See Ho v. Pinsukanjana*, 2019 U.S. Dist.

5  LEXIS 96296, *28-29 (N.D. Cal. May 15, 2019) (holding Defendants in contempt); *In re*

6  *TFT-LCD Flat Panel Antitrust Litig.*, 289 FRD 548, 554 (N.D. Cal. 2013) (holding objectors in

7  contempt for disobeying discovery order). "Sanctions for civil contempt may be imposed to

8  coerce obedience to a court order, or to compensate the party pursuing the contempt action for

9  injuries resulting from the contemptuous behavior, or both." *Gen. Signal Corp. v. Donallco,*

10  *Inc.*, 787 F. 2d 1376, 1379-80 (9th Cir. 1986). Coercive sanctions should be designed to bring

11  about the desired result and to reflect the character and magnitude of harm if that result is not

12  achieved. *Id.*

13    This case warrants holding Demassa in civil contempt. LegalForce has shown by clear

14  and convincing evidence that (1) Demassa violated the May 23, 2019 Order, (2) Demassa did

15  not substantially comply with the Order, as he simply refused to produce the financial

16  documents, and (3) Demassa's violation of the Order is not based on any good faith and

17  reasonable interpretation of the Order. Demassa's behavior and willful violation of the Order is

18  contemptious. It is necessary to hold him in civil contempt in order to bring about this

19  compliance with this Court's May 23, 2019 Order, as well as any future orders this Court may

20  issue. As such, LegalForce respectfully requests that Demassa be held in civil contempt.

21  **IV.    CONCLUSION**

22    For all the foregoing reasons, LegalForce respectfully request that this Court grant

23  LegalForce's Motion for Sanctions and Contempt and award LegalForce the relief set forth in

24  the accompanying Proposed Order.

25    Respectfully submitted,

26

27

28

[2] LegalForce leaves it to the Court's discretion to consider whether Demassa should also be held
in criminal contempt for his willful disobedience of this Court's Order.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Dated: July 17, 2019                          LEGALFORCE RAPC WORLDWIDE P.C.

                                              */s/ Raj Abhyanker*
                                              Raj Abhyanker
                                              Attorney for Plaintiff:
                                              LegalForce RAPC Worldwide P.C.

Plaintiff's Notice Of Motion And Motion For Sanctions And Contempt
Case No.: 3:18-cv-00043-MMC