United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGALFORCE RAPC WORLDWIDE P.C.,<br><br>Plaintiff,<br><br>v.<br><br>CHRIS DEMASSA,<br><br>Defendant. | Case No. 18-cv-00043-MMC (TSH)<br><br>**ORDER DENYING MOTION FOR SANCTIONS WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 99 |

## I. INTRODUCTION

Plaintiff LegalForce RAPC Worldwide, P.C. ("RAPC") moves for sanctions and an order holding Defendant Chris Demassa in contempt of court pursuant to Federal Rule of Civil Procedure 37(b)(1) for failure to comply with the Court's order compelling him to produce financial records to RAPC's outside counsel. ECF No. 99. Demassa filed an opposition (ECF No. 100) and RAPC filed a reply (ECF No. 102). The Court finds this matter suitable for disposition without oral argument and **VACATES** the August 22, 2019 hearing. *See* Civ. L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **DENIES** RAPC's motion **WITHOUT PREJUDICE** for the following reasons.

## II. BACKGROUND

RAPC, a law firm that practices patent and trademark law, alleges Demassa operates a number of trademark preparation websites that advertise legal services performed by lawyers, when in fact they have no lawyers. Sec. Am. Compl. ¶¶ 2-4, 8, ECF No. 94. RAPC further alleges it competes with Demassa to provide small businesses with affordable access to legal

1  services that allow them to protect their marks through preparation and filing with the U.S. Patent

2  and Trademark Office. *Id.* ¶ 3. Both use technology and innovation to provide these services for

3  hundreds of dollars instead of the thousands of dollars that traditional law firms charge. *Id.* But,

4  RAPC says that Demassa is cheating because his advertisements – that trademark attorneys

5  provide his services – are false, and also that he is engaged in the unauthorized practice of law. *Id.*

6  ¶¶ 4, 6. Not hiring actual lawyers lets Demassa charge less than RAPC, diverting business from it

7  to him. *Id.* ¶ 6. The firm sues for false advertising under the Lanham Act, *id*. ¶¶ 60-69, and under

8  California Business and Professions Code sections 17200 and 17500, *id*. ¶¶ 70-88.

9  Demassa, who is pro se, says "[n]o one has ever confused the fact that staff are not

10 attorneys" because he provides access "to independent trademark attorneys for legal analysis of

11 trademark reserach [sic] and to answer all legal questions client's [sic] may have about the subject

12 of trademarks." Answer to Sec. Am. Compl. at 2, ECF No. 95. He claims RAPC's lawsuit is

13 "designed to weaken and put out of business" all of RAPC's competitors. *Id.* at 6.

14 On April 14, 2019, RAPC filed a motion to compel the production of financial documents.

15 ECF No. 79. RAPC served its requests for production ("RFPs") on February 21, 2019.

16 Abhyanker Decl., Ex. 1 (RFPs), ECF No 79-2. RFP No. 8 seeks financial statements and tax

17 returns (federal and state) since 2008, that identify, at a minimum, revenue and profit from

18 trademark application filing, trademark search, and other services (e.g., responding to office

19 actions, correcting trademark applications, etc.), cost of sales, and advertising expenses. RFP 10

20 seeks documents that demonstrate, on a month-by-month basis, the total number of visits to

21 Demassa's websites from 2008 to the present, including the number of visits to sections of those

22 websites that provide trademark filing and related services. RFP 12 requests Demassa's general

23 ledgers since 2008. RFP 13 requests his annual profit and loss and/or income statements since

24 2008, which include, but are not limited to, the following numbers: his revenues, cost of goods

25 sold, gross margin, general and administrative expenses, EBITDA, net income and profit. RFP 14

26 asks for Demassa's balance sheets since 2008.

27 Demassa did not serve a written response, Abhyanker Decl. ¶ 4, but he did orally tell

28 RAPC that he did not want to provide the requested documents to it because they are competitors.

Mot. at 5. At the hearing on RAPC's motion, Demassa argued that except for tax returns, he does not have any of these things. ECF No. 90. He says he runs a small business and does not maintain financial statements, general ledgers, P&L statements, income statements, or balance sheets. Demassa did say he and his book keeper have records that show how much revenue his business has earned, what his business expenses are, and the profit his business earns. In fact, he had to assemble those records for the audit of his finances that recently occurred in connection with the parties' settlement discussions.

On May 23, 2019, the Court granted in part and denied in part RAPC's motion. Order, ECF No. 91. As an initial matter, the Court excused Demassa's failure to serve written objections, finding it clear that he orally objected to providing his financial information to a competitor before the deadline to serve written objections had expired, so there actually was no delay in communicating the substance of his objection, there was no apparent bad faith or prejudice to RAPC, and that the discovery requests themselves were partially overreaching.[1] The Court also noted that Demassa's objection to producing financial documents to his competitor was understandable because the attorneys representing RAPC in this case are RAPC attorneys (i.e., the firm is representing itself), so if Demassa produced his financial information to them, it would go to his competitors. *Id.* at 3. However, the Court found the stipulated protective order resolved that problem because it defines certain items as "confidential," and provides that confidential information may be provided only to RAPC's outside counsel, his employees, RAPC's outside accountant, and the Court and its personnel. *Id.* (citing ECF No. 84). Further, as the definition of confidential information in the protective order did not include all of the things RAPC sought in its motion, the Court modified it so that everything Demassa produces in response to this order is deemed "confidential" under the protective order. *Id.*

---

[1] As the Court noted in its May 23 order, Demassa's failure to serve written objections would ordinarily constitute a waiver of any objection, *see Richmark. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992), but the Court may "excuse the failure to timely respond for good cause." *Lam v. City & County of San Francisco*, 2015 WL 4498747, *3 (N.D. Cal. July 23, 2015). "In determining whether a party has shown good cause, a court should evaluate relevant factors, including: (1) the length of the delay; (2) the reason for the delay; (3) the existence of bad faith; (4) the prejudice to the party seeking the disclosure; (5) the nature of the request; and (6) the harshness of imposing the waiver." *Id*.

As to the merits of RAPC's motion, the Court found its requests were relevant because they show Demassa's profits from the business that RAPC claims is being falsely advertised, which RAPC could potentially recover as Lanham Act damages if it wins the case on the merits. *Id.* at 4. However, the Court found RAPC's request for Demassa's tax returns was overreaching because the returns presumably include personal information unrelated to the business activities he is being sued over and producing the underlying business records that are used to create the tax returns would give RAPC the relevant information it is entitled to while avoiding disclosing personal and irrelevant information. *Id.* The Court also found the time frame of the requests – 2008 to the present – overreaching. *Id.* Accordingly, the Court ordered Demassa to produce documents that show how much revenue his business has earned, what his business expenses have been, and the profit his business earned from January 2014 to the present. *Id.* at 5. The Court ordered him to produce the documents to outside counsel, Bruno Tarabichi, within 30 days. *Id.* As to RFP 10, the Court found raw numbers of website visits could be relevant to show the growth and success of Demassa's business, but the link between the two is at best tenuous. *Id.* ("The gap between the number of website hits and the growth of a business is just too big to justifiably treat the former as relevant evidence of the latter. Indeed, it's hard to imagine a damages expert using website hits to measure business growth instead of, for example, actual business records."). Accordingly, the Court denied RAPC's motion as to RFP 10.

On July 17, 2019, RAPC filed the present motion for sanctions, arguing that Demassa still refuses to produce any documents.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 37 allows courts to sanction a party that fails to obey a discovery order by:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

4

        (iii) striking pleadings in whole or in part;

        (iv) staying further proceedings until the order is obeyed;

        (v) dismissing the action or proceeding in whole or in part;

        (vi) rendering a default judgment against the disobedient party; or

        (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). A district court "has great latitude in imposing sanctions for discovery abuse." *Dahl v. City of Huntington Beach*, 84 F.3d 363, 367 (9th Cir. 1996); *Sloan v. Oakland Police Dep't*, 2005 WL 8156878, at *3 (N.D. Cal. July 26, 2005) ("As indicated by the clear language of Rule 37, the above-listed orders are not intended to constitute an exhaustive list of the orders a judge may issue as sanctions."). However, any such sanction must be "just" in light of the particular circumstances of the case. *Ins. Corp. of Ireland v. Compagnie des Bauxites*, 456 U.S. 694, 707 (1982). When choosing among possible sanctions, the Court should consider a sanction designed to: (1) penalize those whose conduct may be deemed to warrant such a sanction; (2) deter parties from engaging in the sanctioned conduct; (3) place the risk of an erroneous judgment on the party who wrongfully created the risk; and (4) restore a prejudiced party to the same position he or she would have been in absent the wrongdoing. *See Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976); *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983).

      Rule 37 also directs district courts to monetarily sanction a party that fails to obey a discovery order; the party shall "pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C); *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006) (citation and internal quotation marks omitted). "Willfulness, fault, or bad faith is not required for the imposition of monetary sanctions under Rule 37(b)(2)." *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, 2012 WL 5372477, at *6 (N.D. Cal. Oct. 30, 2012).

## IV. DISCUSSION

      RAPC requests the Court enter coercive sanctions against Demassa in the form of a daily $500 fine until he produces the ordered financial documents in full. Mot. at 6. It also argues

5

1  Demassa should be forced to pay its attorneys' fees incurred in this discovery dispute, in the
2  amount of $6,200 to date, plus any fees incurred in connection with preparing the reply brief in
3  support of its motion and arguing it at the noticed hearing. *Id.* Finally, RAPC requests the Court
4  hold Demassa in civil contempt because his violation of the discovery order is not based on any
5  good faith and reasonable interpretation – he simply refuses to produce the financial documents.
6  *Id.* at 7.

In response, Demassa states this lawsuit has affected his business in that he plays a critical sales role, yet he has had to make appearances "probably 20 times over the last 19 months" and his "sales have dipped every single time I have been out of the office," leading to "over $50,000 in increased expenses and lost sales." Opp'n at 1. Demassa further argues: "The Court keeps perpetuating this case for no reason. I cannot afford an attorney. I have to stumble though [sic] these motions, hoping I am doing them correctly. I lose sleep, sales, attorneys and staff because of the imbalance this lawsuit has impacted my business." *Id.* at 2. Demassa then spends five pages arguing the merits of the case, alleging it is RAPC that has lied and committed fraud. *Id.* at 2-6.

As to the merits of RAPC's motion, Demassa states he "was going to meet with Bruno Tarabichi until I learned he was not really an independent attorney, as mutually agreed, . . . but instead incorporated into [RAPC]'s legal team." *Id.* at 6. In support of this argument, Demassa cites to the Notice of Electronic Filing he received in this case for ECF No. 92, which is the Notice of Appearance of Bruno Tarabichi as co-counsel of record for RAPC. *Id.* Demassa argues that showing Bruno Tarabichi the requested information "seemed like the same as showing it directly" to RAPC. *Id.* at 11. As to the documents the Court ordered him to produce, Demassa states the records RAPC seeks "never existed" as he is a "sole proprietor with no need to spend money on reports from my bookkeeper. I have used such data in the past, but now [sic] for at least 20 years. There is nothing to see but tax returns and bank statements." *Id.* at 19.

As to Demassa's argument regarding Tarabichi's status in this case, the Court previously informed him that the parties' stipulated protective order resolves any problem regarding confidentiality because it provides that confidential information may be provided only to RAPC's outside counsel, Tarabichi. Order at 2. Thus, everything he produces to Tarabichi in response

the order is deemed confidential under the protective order and cannot be seen by RAPC.

As to Demassa's argument that he does not maintain the kinds of financial records RAPC seeks, he already raised this argument at the hearing on RAPC's motion to compel. At that time, Demassa informed the Court that he and his book keeper have records that show how much revenue his business has earned, what his business expenses are, and the profit his business earns. *Id.* at 3. The Court also noted he had to assemble those records for the audit of his finances that recently occurred in connection with the settlement discussion in this case. *Id.* Further, in issuing its order granting RAPC's request to compel production, the Court already determined the materials it seeks are relevant and proportional to the needs of the case. Therefore, any argument Demassa might make regarding RAPC's need for the requested discovery is irrelevant. Accordingly, sanctions may be warranted in this case.

However, given Demassa's pro se status and his declared confusion regarding Tarabichi's status in this case, it is not clear that sanctions are just in light of the circumstances. Instead, the Court shall permit Demassa a final opportunity to comply with its previous order. Accordingly, the Court **ORDERS** Demassa to produce documents that show how much revenue his business has earned, what his business expenses have been, and the profit his business earned from January 2014 to the present. He must produce those documents to Tarabichi, at the address already provided by RAPC, by August 27, 2019.

In providing this final opportunity, the Court warns Demassa that it will likely find sanctions, including those requested by RAPC in the present motion and any attorney's fees it accrues as a result of Demassa's continued failure to comply after this order, are warranted if he continues to withhold the information the Court ordered him to produce.

## V. CONCLUSION

For the reasons stated above, the Court **DENIES** RAPC's motion for sanctions **WITHOUT PREJUDICE.** The Court **ORDERS** Demassa to produce documents that show how much revenue his business has earned, what his business expenses have been, and the profit his business earned from January 2014 to the present. He must produce those documents to Tarabichi, at the address already provided by RAPC, by August 27, 2019. If Demassa fails to

7

comply, RAPC may file a renewed motion for sanctions.

**IT IS SO ORDERED.**

Dated: August 12, 2019

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
THOMAS S. HIXSON
United States Magistrate Judge