United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGALFORCE RAPC WORLDWIDE P.C., <br><br>Plaintiff, <br><br>v. <br><br>CHRIS DEMASSA, <br><br>Defendant. | Case No. 18-cv-00043-MMC (TSH) <br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** <br><br>Re: Dkt. No. 112 |

Defendant Chris Demassa has filed a motion for reconsideration (ECF No. 112) of the Court's August 19, 2019 discovery order (ECF No. 108), which extended to September 3, 2019 Demassa's deadline to produce documents as ordered in the Court's May 23, 2019 discovery order (ECF No. 91). Demassa's motion violates Civil Local Rule 7-9(a), which provides that "[n]o party may notice a motion for reconsideration without first obtaining leave of Court to file the motion."

In addition, Demassa's motion does not have substantive merit. Of course Bruno Tarabichi is not independent of the Plaintiff. He is an attorney representing the Plaintiff and owes his client a duty of loyalty, as any attorney does. The point is that he is outside counsel, and a common way to protect competitively sensitive information in a lawsuit between competitors is to restrict access to certain information to outside counsel, which the protective order in this action does. The Court's order requiring Demassa to produce documents is not the same thing as the audit the parties apparently agreed to perform as part of the settlement conference before Magistrate Judge Beeler. As to Demassa's argument that he prefers to work with Jorge Amador and does not trust Tarabichi, Demassa does not get to choose which lawyer his opponent hires.

Finally, as for Demassa's argument that Tarabichi is himself a competitor of Demassa's,

this argument is too general.  The submitted exhibits show merely that Tarabichi is a trademark lawyer.  That is not enough.  The submitted exhibits do not show that he participates in the much more specialized type of trademark registration business that Demassa is in.  This lawsuit is, after all, a false advertising case involving a trademark registration business.  A court order that the Defendant's confidential documents cannot be turned over to any Plaintiff's attorney who is a trademark lawyer would inappropriately limit Plaintiff's choice of counsel – because a trademark lawyer is exactly who you'd hire for a case like this.

Demassa's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 30, 2019

THOMAS S. HIXSON
United States Magistrate Judge