UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGALFORCE RAPC WORLDWIDE P.C.,<br><br>Plaintiff,<br><br>v.<br><br>CHRIS DEMASSA,<br><br>Defendant. | Case No. 18-cv-00043-MMC (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 121 |

On September 23, 2019, Plaintiff LegalForce RAPC Worldwide, P.C. filed a unilateral discovery dispute letter. ECF No. 121. Plaintiff proposes to modify the existing protective order to allow it to disclose Defendant Chris Demassa's confidential information to its damages expert. The letter brief did not have a proof of service, however, and Demassa is not a registered efiling user. *See* ECF No. 109. Accordingly, the Court ordered Plaintiff to serve its letter brief on Demassa on September 24, 2019 and to file a proof of service. ECF No. 123. Plaintiff filed a proof of service on September 24, stating that it had served Demassa with the letter brief. ECF No. 127. The Court ordered Demassa to file a response to Plaintiff's letter brief by September 27, 2019. ECF No. 123. The Court's order contained a certificate of service stating that the order was served on Demassa by mail. ECF No. 123-1. However, it is now October 3, 2019, and Demassa has not filed a response. Plaintiff's letter brief indicates this is a matter of some urgency because expert reports are due October 7, 2019, though Plaintiff states it will move to amend the existing scheduling order. ECF No. 121.

Plaintiff's motion is reasonable. Experts are normally permitted to see confidential materials produced in litigation. Indeed, the language Plaintiff proposes to add to the protective order is taken from this District's model protective order and has been used in numerous cases in

this District.  Further, despite having had the opportunity to oppose Plaintiff's request, Demassa has not filed any opposition.  Accordingly, Plaintiff's request is **GRANTED**.

The Court cannot enter the proposed order that Plaintiff submits, however, because it is called a "stipulated protective order," and it is set up for the parties' signatures, and that order is not actually stipulated to.  Therefore, the Court **ORDERS** that the protective order at ECF No. 84 is modified as follows:

1. For purposes of the protective order, an "expert" is a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a party or its counsel to serve as an expert witness or as a consultant in this action.

2. Pursuant to paragraph 3.1 of the protective order, Plaintiff may disclose Protected Material to experts of Plaintiff to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" in Exhibit A of Exhibit A of ECF No. 121-1.

**IT IS SO ORDERED.**

Dated:

THOMAS S. HIXSON
United States Magistrate Judge