UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGALFORCE RAPC WORLDWIDE P.C.,<br><br>Plaintiff,<br><br>v.<br><br>CHRIS DEMASSA,<br><br>Defendant. | Case No. 18-cv-00043-MMC (TSH)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART RENEWED MOTION FOR SANCTIONS**<br><br>Re: Dkt. No. 118 |

## I.  INTRODUCTION

Plaintiff LegalForce RAPC Worldwide, P.C., moves for sanctions pursuant to Federal Rule of Civil Procedure 37(b) after Defendant Chris Demassa failed to comply with two orders compelling him to produce financial records to LegalForce's outside counsel. ECF No. 118. Demassa filed an opposition. ECF No. 125. LegalForce did not file a reply. The Court finds this matter suitable for disposition without oral argument and **VACATES** the October 31, 2019 hearing. *See* Civ. L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** LegalForce's motion for sanctions in part and **DENIES** it in part for the following reasons.

## II.  BACKGROUND

LegalForce, a law firm that practices patent and trademark law, alleges Demassa operates trademark preparation websites that advertise legal services performed by lawyers, when in fact they have no lawyers. Sec. Am. Compl. ¶¶ 2-4, 8, ECF No. 94. LegalForce further alleges it competes with Demassa to provide small businesses with affordable access to legal services that allow them to protect their marks through preparation and filing with the U.S. Patent and Trademark Office. *Id.* ¶ 3. Both use technology and innovation to provide these services for

1   hundreds of dollars instead of the thousands of dollars that traditional law firms charge. *Id.*

2   However, LegalForce alleges Demassa is cheating because his advertisements – that trademark

3   attorneys provide his services – are false and that he is engaged in the unauthorized practice of

4   law. *Id.* ¶¶ 4, 6. Not hiring actual lawyers lets Demassa charge less than LegalForce, diverting

5   business from it to him. *Id.* ¶ 6. The firm sues for false advertising under the Lanham Act and for

6   violations of California Business and Professions Code sections 17200 and 17500. *Id*. ¶¶ 60-88.

7         Demassa, who is pro se, says "[n]o one has ever confused the fact that staff are not

8   attorneys" because he provides access "to independent trademark attorneys for legal analysis of

9   trademark reserach [sic] and to answer all legal questions client's [sic] may have about the subject

10  of trademarks." Answer to Sec. Am. Compl. at 2, ECF No. 95. He claims LegalForce's lawsuit is

11  "designed to weaken and put out of business" all LegalForce competitors. *Id.* at 6.

12        On April 14, 2019, LegalForce filed a motion to compel the production of financial

13  documents. ECF No. 79. LegalForce served its requests for production ("RFPs") on February 21,

14  2019. Abhyanker Decl., Ex. 1 (RFPs), ECF No 79-2. RFP No. 8 seeks financial statements and

15  tax returns (federal and state) since 2008 that identify, at a minimum, revenue and profit from

16  trademark application filing, trademark search, and other services (e.g., responding to office

17  actions, correcting trademark applications, etc.), cost of sales, and advertising expenses. RFP 10

18  seeks documents that demonstrate, on a month-by-month basis, the total number of visits to

19  Demassa's websites from 2008 to the present, including the number of visits to sections of those

20  websites that provide trademark filing and related services. RFP 12 requests Demassa's general

21  ledgers since 2008. RFP 13 requests his annual profit and loss and/or income statements since

22  2008, which include his revenues, cost of goods sold, gross margin, general and administrative

23  expenses, EBITDA, net income and profit. RFP 14 asks for Demassa's balance sheets since 2008.

24        Demassa did not serve a written response, Abhyanker Decl. ¶ 4, but he did orally tell

25  LegalForce that he did not want to provide the requested documents because they are competitors.

26  Mot. to Compel at 5. At the hearing on LegalForce's motion, Demassa argued that except for tax

27  returns, he does not have any of these things. ECF No. 90. He says he runs a small business and

28  does not maintain financial statements, general ledgers, P&L statements, income statements, or

balance sheets. Demassa did say he and his bookkeeper have records that show how much revenue his business has earned, what his business expenses are, and the profit his business earns. In fact, he had to assemble those records for the audit of his finances that occurred in connection with the parties' settlement discussions.

On May 23, 2019, the Court granted in part and denied in part LegalForce's motion. ECF No. 91. The Court excused Demassa's failure to serve written objections, finding it clear that he orally objected to providing his financial information to a competitor before the deadline to serve written objections had expired, so there actually was no delay in communicating the substance of his objection, there was no apparent bad faith or prejudice to LegalForce, and that the discovery requests themselves were partially overreaching.[1] The Court also noted that Demassa's objection to producing financial documents to his competitor was understandable because the attorneys representing LegalForce in this case are LegalForce attorneys (i.e., the firm is representing itself), so if Demassa produced his financial information to them, it would go to his competitors. *Id.* at 3. However, the Court found the stipulated protective order resolved that problem because it defines certain items as "confidential" and provides that confidential information may be provided only to LegalForce's outside counsel, his employees, LegalForce's outside accountant, and the Court and its personnel. *Id.* (citing ECF No. 84). Further, as the definition of confidential information in the protective order did not include all the things LegalForce sought in its motion, the Court modified it so that everything Demassa produced in response would be deemed "confidential" under the protective order. *Id.*

As to the merits, the Court found LegalForce's requests relevant because they would show Demassa's profits from the business that LegalForce claims is being falsely advertised, which LegalForce could potentially recover as Lanham Act damages if it wins the case on the merits. *Id.*

---

[1] As the Court noted in its May 23 order, Demassa's failure to serve written objections would ordinarily constitute a waiver of any objection, *see Richmark. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992), but the Court may "excuse the failure to timely respond for good cause." *Lam v. City & County of San Francisco*, 2015 WL 4498747, *3 (N.D. Cal. July 23, 2015). "In determining whether a party has shown good cause, a court should evaluate relevant factors, including: (1) the length of the delay; (2) the reason for the delay; (3) the existence of bad faith; (4) the prejudice to the party seeking the disclosure; (5) the nature of the request; and (6) the harshness of imposing the waiver." *Id*.

at 4. However, the Court found LegalForce's request for Demassa's tax returns was overreaching because the returns presumably include personal information unrelated to the business activities he is being sued over and LegalForce could obtain the relevant information from the underlying business records used to create the tax returns. *Id.* The Court also found the time frame of the requests – 2008 to the present – overreaching. *Id.* Accordingly, the Court ordered Demassa to produce documents that show how much revenue his business has earned, what his business expenses have been, and the profit his business earned from January 2014 to the present.[2] *Id.* at 5. The Court ordered him to produce the documents to outside counsel, Bruno Tarabichi, within 30 days. *Id.*

On July 17, 2019, LegalForce filed its initial motion for sanctions, arguing that Demassa still refused to produce any documents. ECF No. 99. LegalForce requested the Court enter coercive sanctions against Demassa in the form of a daily $500 fine until he produces the ordered financial documents in full. *Id.* at 6. It also argued Demassa should be forced to pay its attorneys' fees incurred in this discovery dispute. *Id.* LegalForce also requested the Court hold Demassa in civil contempt because his violation of the discovery order is not based on any good faith and reasonable interpretation – he simply refuses to produce the financial documents. *Id.* at 7. In response, Demassa argued: "The Court keeps perpetuating this case for no reason. I cannot afford an attorney. I have to stumble though [sic] these motions, hoping I am doing them correctly. I lose sleep, sales, attorneys and staff because of the imbalance this lawsuit has impacted my business." ECF No. 100 at 2. As to the merits of LegalForce's motion, Demassa stated he "was going to meet with Bruno Tarabichi until I learned he was not really an independent attorney, as mutually agreed, . . . but instead incorporated into [LegalForce]'s legal team." *Id.* at 6. Demassa cited the Notice of Electronic Filing he received in this case for ECF No. 92, which is the Notice of Appearance of Bruno Tarabichi as co-counsel of record for LegalForce. *Id.* Demassa argued

---

[2] As to RFP 10, the Court found raw numbers of website visits could be relevant to show the growth and success of Demassa's business, but the link between the two is at best tenuous. *Id.* ("The gap between the number of website hits and the growth of a business is just too big to justifiably treat the former as relevant evidence of the latter. Indeed, it's hard to imagine a damages expert using website hits to measure business growth instead of, for example, actual business records."). Accordingly, the Court denied LegalForce's motion as to RFP 10.

4

that showing Tarabichi the requested information "seemed like the same as showing it directly" to LegalForce. *Id.* at 11. As to the documents the Court ordered him to produce, Demassa stated the records LegalForce seeks "never existed" as he is a "sole proprietor with no need to spend money on reports from my bookkeeper. I have used such data in the past, but now [sic] for at least 20 years. There is nothing to see but tax returns and bank statements." *Id.* at 19.

On August 12, 2019, the Court denied LegalForce's motion without prejudice. ECF No. 103. As to Demassa's argument regarding Tarabichi, the Court again noted that the parties' stipulated protective order resolves any problem regarding confidentiality because confidential information may be provided only to LegalForce's outside counsel, Tarabichi. *Id.* at 6. Thus, everything Demassa produces to Tarabichi is deemed confidential under the protective order and cannot be seen by LegalForce. *Id.* at 6-7. As to Demassa's argument that he does not maintain the kinds of financial records LegalForce seeks, the Court noted he already raised this argument at the hearing on LegalForce's motion to compel. At that time, Demassa informed the Court that he and his bookkeeper have records that show how much revenue his business has earned, what his business expenses are, and the profit his business earns, and he had to assemble those records for the audit of his finances that occurred in connection with the settlement conference in this case. *Id.* at 7. However, given Demassa's pro se status and his declared confusion regarding Tarabichi's status, the Court found it was not clear that sanctions were warranted and thus gave Demassa a "final opportunity" to comply with its order compelling production. *Id.* The Court ordered Demassa to produce documents "that show how much revenue his business has earned, what his business expenses have been, and the profit his business earned from January 2014 to the present" to Tarabichi by August 27, 2019. *Id.* The Court warned him that it "will likely find sanctions, including those requested by LegalForce in the present motion and any attorney's fees it accrues as a result of Demassa's continued failure to comply after this order, are warranted if he continues to withhold the information the Court ordered him to produce." *Id.*

On September 11, 2019, LegalForce filed its renewed motion for sanctions, arguing that Demassa has produced only some financial documents for 2014 to 2017 and has produced no documents for 2018 and 2019. Mot. at 3. LegalForce requests the Court impose a coercive daily

5

sanction in the amount of $500 until Demassa produces the ordered financial documents in full, require him to pay its attorneys' fees incurred in this discovery dispute, and hold him in civil contempt for violation of the Court's previous orders. *Id.* at 6-8.

In response, Demassa argues Tarabichi "was in fact given full disclosure for all financial information agreed upon at the Settlement Conference with Judge Beeler as well as ordered by you, Judge Hixson." Opp'n at 2. At the same time, he argues "[t]his case is NOT about 2018, but I would have given 2018 financial information IF it existed, just so to demonstrate to Plaintiff and the Court I am presenting myself in good faith, with full disclosure. However, we do not have information for 2018 yet, as our tax returns for 2018 have not yet been compiled." *Id.* at 2-3. Demassa states "[w]e use spreadsheets to compile income and expense data and this data is not yet complete." *Id.* at 3. Demassa also argues the merits of LegalForce's case, stating it "is incapable of competing in the marketplace – even a bad marketplace" and that "because they cannot keep competing with the other bottom feeders," LegalForce is "sinisterly abusing the courts to bludgeon and smother their competitors to death with nuisance lawsuits, so they can take over the trademark market." *Id.* at 9.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 37 authorizes a wide range sanctions for a failure to obey a discovery order. Fed. R. Civ. P. 37(b)(2)(A); *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983). Most remedies "for dilatory conduct during discovery proceedings" are discretionary. *Bollow v. Federal Reserve Bank of San Francisco*, 650 F.2d 1093, 1102 (9th Cir. 1981) (citing Fed. R. Civ. P. 37(a)(4)). One remedy is not: the court must "order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C); *Adams v. Albertson*, 2012 WL 1636064, at *1 (N.D. Cal. May 9, 2012) ("Rule 37 sanctions are appropriate in extreme circumstances where violations are due to willfulness, bad faith, or fault of the party.") (citing *U.S. for Use & Ben. Of Wiltec Guam, Inc. v. Kahaluu Const. Co.*, 857 F.2d 600, 603 (9th Cir. 1988)). Thus, courts are empowered to secure compliance with the discovery rules, deter others from

6

violating them and punish those who do violate the rules. *See Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976) ("the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent."); *Wyle*, 709 F.2d at 589; *Guifu Li v. A Perfect Day Franchise, Inc.*, 281 F.R.D. 373, 392 (N.D. Cal. 2012).

## IV. DISCUSSION

### A. Sanctions are Warranted

Although the Court ordered Demassa to produce financial documents "that show how much revenue his business has earned, what his business expenses have been, and the profit his business earned from January 2014 to the present," LegalForce has shown he produced only Schedule C (Profit or Loss from Business) tax returns for 2014-2017 and no financial documents for 2018 or 2019. Tarabichi Decl. ¶ 10, ECF No. 118-4. Under such circumstances, Rule 37 requires a court to award fees and costs "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C); *Adams*, 2012 WL 1636064, at *1. The burden of establishing a substantial justification lies with the party facing sanctions. *Varney v. Cal. Highway Patrol*, 2013 WL 2299544, at *3 (N.D. Cal. May 24, 2013). Here, Demassa offers no substantial justification. The Court has granted Demassa multiple opportunities to comply with his discovery obligations, yet he continues to argue that the financial records do not exist. This excuse is not justified given Demassa's admission that he and his bookkeeper have records that show how much revenue his business has earned, what his business expenses are, and the profit his business earns. *See* Discovery Order at 4, ECF No. 91. The Court also notes that he had to assemble those records for the audit of his finances that occurred in connection with the settlement conference in this case. *Id.* Further, Demassa seems to be willfully misunderstanding the Court's prior order. In his opposition he argues:

> IRS TradeMark Express Tax return information for 4 years – MORE than this case is about given for 2014, 2015, 2016 and 2017. This case is NOT about 2018, but I would have given 2018 financial information IF it existed, just so to demonstrate to Plaintiff and the Court I am presenting myself in good faith, with full disclosure.

7

> However, we do not have any information for 2018 yet, as our tax returns for 2018 have not yet been compiled. We use spreadsheets to compile income and expense data and this data is not yet complete. We do not use QuickBooks or any accounting software that could access any summary. We compile sales and expense information from our bank account, receipts and many credit card statements to input into spreadsheets, which is then given to our long time accountant. My Wife works with her. Our tax returns are not due until Oct 15, 2019. When we have this additional information, I will be happy to provide it to Bruno Tarabichi.

Opp'n, ECF No. 124 at 2-3.

The Court did not order Demassa to produce his tax returns, and it did not order him to create documents that do not exist. The Court ordered him "to produce documents that show how much revenue his business has earned, what his business expenses have been, and the profit his business has earned from January 2014 to the present." ECF No. 91 at 5. His opposition is clear that for years for which he has not yet created spreadsheets or finalized his tax returns, he does have sales and expense information from the company's bank account, receipts and credit card statements – the underlying financial information that he uses to create the spreadsheets given to the accountant who prepares the tax returns. To be sure, the underlying records will be less useful to LegalForce than a nice-and-neat spreadsheet because its expert will have to construct a profit model instead of simply being handed one, and the same is true for an estimate of the trajectory of the growth of Demassa's business. However, that is LegalForce's problem. Demassa's obligation was to produce the documents that he has that show his business's revenue, expenses and profit, and his opposition brief makes clear that for 2018 and 2019 he does have those documents. Demassa's failure to produce these documents is a direct violation of the Court's orders. Such behavior warrants an award of reasonable fees and costs associated with bringing LegalForce's two sanctions motions. *See Cuviello v. Feld Entm't Inc.*, 2015 WL 877688, at *3 (N.D. Cal. Feb. 27, 2015) ("Cuviello did not forget to produce the materials, nor were there technical difficulties that might justify a delayed production. He simply chose not to produce the information, in violation of a direct court order. The court can think of no clearer scenario in which an award of reasonable fees and costs associated with bringing this motion would be warranted.").

Second, coercive sanctions are also justified. A court may impose such a measure "[i]f the sanction is intended to coerce the contemnor to comply with the court's orders in the future, and

the sanction is conditioned upon continued noncompliance." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1481 (9th Cir. 1992). Once the party has complied in full, the party can move to vacate the sanction. *Id.* Such a drastic sanction is necessary in this case. Demassa has repeatedly flouted his discovery obligations—first by delay, then by refusing to follow this Court's specific directions, and ultimately by unauthorized limitations on what he produced, even after all his attempts at securing relief failed. Although the Court warned Demassa that sanctions would be imposed if he failed to comply with its previous orders, the threat of sanctions did not deter him. To incent Demassa to produce all material not yet produced as soon as possible, the Court finds a daily sanction appropriate. *See Cuviello*, 2015 WL 877688, at *3 (imposing a daily sanction of $500 for failure to comply with discovery orders). While LegalForce requests a $500 daily sanction, given Demassa's pro se status, the Court imposes a daily sanction of $100 until the production is made in full. When Demassa has fully complied, he may return to the Court to seek relief from the sanction.

Third, in light of the foregoing sanctions and given Demassa's pro se status, the Court finds that civil contempt is unnecessary at this time.

**B.  Attorneys' Fees and Costs**

As noted above, where a party violates a court order without substantial justification, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure[.]" Fed. R. Civ. P. 37(b)(2)(C) ("the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.") (emphasis added). District courts determine reasonable attorneys' fees according to the lodestar analysis, which multiplies the number of hours reasonably expended on the matter by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Jordan v. Multnomah Cty.*, 815 F.2d 1258, 1262 (9th Cir. 1987).

### a.  Hourly Rate

A reasonable hourly rate is one that is "in line with those prevailing in the community for

9

similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The party seeking the fee award has the burden of submitting satisfactory evidence that its requested rate is reasonable. *Id.* Affidavits from the moving party's attorney and other attorneys regarding prevailing rates in the community, and rate determinations from other cases, are satisfactory evidence of a reasonable hourly rate. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 947 (9th Cir. 2007); *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). Once the moving party has shown that its requested rate is in line with those prevailing in the community, the rate is presumptively reasonable but may be adjusted on the basis of evidence that undermines its reasonableness. *Welch*, 480 F.3d at 947-48. Here, LegalForce seeks $250 per hour for attorneys Bruno Tarabichi, Wensheng Ma, and Nicholas Craft. Tarabichi Decl. ¶ 13; Abhyanker Decl. ¶ 5, ECF No. 118-1; Ma Decl. ¶ 5, ECF No. 118-2. The Court finds this rate reasonable. *See Ho v. Pinsukanjana*, 2019 WL 2413029, at *8 (N.D. Cal. May 15, 2019), *report and recommendation adopted in part, rejected in part*, 2019 WL 2410674 (N.D. Cal. June 7, 2019) (awarding attorneys' fees at rates of $285 and $600 per hour as discovery sanction and citing cases from this District in which rates up to $495 for associates and $475-$975 for partners have been found reasonable).

### b. Hours Expended

LegalForce seeks reimbursement of $4,450 for fees incurred in filing its original motion to compel. Abhyanker Decl. ¶ 5 (Nicholas Craft – 9.8 hours x $250 = $2,450), ECF No. 118-1; Ma Decl. ¶ 5, ECF No. 118-2 (Wensheng Ma – 8 hours x $250 = $2,000). The Court finds a fee award related to the original motion to compel is not warranted because some of Demassa's objections were substantially justified. As for its work on the two sanctions motions, LegalForce seeks $2,000. Ma Decl. ¶ 5 (1.7 hours x $250 = $375); Tarabichi Decl. ¶ 13, ECF No. 118-4 (6.5 hours x $250 = $1,625). The Court finds this request reasonable and appropriate. *See Davis*, 2018 WL 1609289, at *7 (finding nearly $20,000 in fees for work on discovery sanctions motion reasonable and awarding a total of $25,000 in addition to evidentiary sanctions); *Cuviello*, 2015 WL 877688, at *4 (N.D. Cal. Feb. 27, 2015) (awarding $11,275 for work on discovery sanctions motion). Accordingly, the Court **GRANTS** LegalForce's request for fees in the amount of

$2,000.

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** LegalForce's renewed motion for sanctions in part and **DENIES** it in part as follows:

1. No later than November 18, 2019, Demassa shall pay LegalForce's fees and costs in the amount of $2,000.

2. In addition, until Demassa complies with this order and the Court's May 23, 2019 and August 12, 2019 orders, Demassa shall be fined a daily sanction in the amount of $100. Demassa may move to vacate this sanction once he has complied in full with the Court's orders.

3. The Court declines at this time to hold Demassa in civil contempt.

**IT IS SO ORDERED.**

Dated: October 22, 2019

THOMAS S. HIXSON
United States Magistrate Judge