IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGALFORCE RAPC WORLDWIDE P.C.,<br><br>Plaintiff,<br><br>v.<br><br>CHRIS DEMASSA,<br><br>Defendant. | Case No. 18-cv-00043-MMC<br><br>**ORDER DENYING DEFENDANT'S REQUEST TO KEEP COUNTERCLAIM, CONSTRUED AS MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |

By order filed October 11, 2019, the Court granted plaintiff's motion to strike defendant's amended answer and counterclaim, which pleading had been filed August 29, 2019; defendant did not oppose the motion to strike. Now before the Court is defendant's Request, filed December 2, 2019, "to Keep Counterclaim," which the Court construes as a motion, pursuant to Civil Local Rule 7-9(a), for leave to file a motion for reconsideration of the Court's order striking defendant's counterclaim. Having read and considered the request,[1] the Court rules as follows.

Under the Local Rules of this District, a party seeking reconsideration of an interlocutory order must show (1) "a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order" and that "in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order"; (2) "[t]he emergence of new material

---

[1]Under the Local Rules of this District, "[u]nless otherwise ordered by the assigned Judge, no response need be filed" to a motion seeking leave to file a motion for reconsideration. See Civil L.R. 7-9(d). In this instance, the Court has not required a response.

facts or a change in law occurring after the time of such order"; or (3) "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." <u>See</u> Civil L. R. 7-9(b).

In its motion to strike defendant's amended answer and counterclaim, plaintiff correctly noted said amended pleading was untimely. In the instant motion, defendant argues, for the first time, that he "was never told by the Court of any such deadline" and that he has "no idea when the deadlines were, for such things as a Counterclaim." (<u>See</u> Def.'s Req. to Keep Counterclaim at 3.)

The time limits applicable to the filing of a counterclaim were set as follows. First, at the case management conference conducted February 8, 2019, and in a Pretrial Preparation Order filed later that same date, the court set May 10, 2019, as the deadline to amend any pleading; defendant did not seek leave to amend his answer to include a counterclaim by that deadline. On May 10, 2019, however, plaintiff filed a motion for leave to file a Second Amended Complaint ("SAC"), and, in its June 5, 2019, order granting said motion, the Court afforded defendant the option of either relying on his original answer or filing, no later than June 21, 2019, a new response. Although defendant timely filed an answer to the SAC on June 21, he did not include a counterclaim therein. Instead, he waited more than two months to amend his answer to include a counterclaim. Moreover, plaintiff's motion to strike that pleading was based on defendant's having missed the deadlines to amend, and defendant, as noted, did not file any opposition thereto, let alone opposition stating he was unaware of such deadlines.

In any event, defendant's reliance on lack of knowledge is unavailing, in light of the following: (1) he was present at the February 8 case management conference when the May 10 deadline to amend was orally announced; (2) the Pretrial Preparation Order, which set forth such deadline in writing, was emailed to him at the address he previously had provided to the Clerk of Court; and (3) the order setting the June 21 deadline to file an answer to the SAC was mailed to him at the street address he previously had provided to the Clerk, which order defendant clearly received, given his filing of an

2

answer to the SAC, albeit one without a counterclaim, by said deadline.

Accordingly, defendant's request, construed as a motion for leave to file a motion for reconsideration, is hereby DENIED.[2]

**IT IS SO ORDERED.**

Dated: December 6, 2019

MAXINE M. CHESNEY
United States District Judge

---

[2] The Court denies as moot defendant's alternative request for an order allowing the parties "to go back to Settlement with Judge Beeler" (see Def.'s Req. at 5), the magistrate judge to whom the above-titled action was previously referred for purposes of settlement. Judge Beeler is continuing to monitor the parties' respective positions regarding resolution of the case and, if she determines a further settlement conference would be productive, will so advise the parties.

3