IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGALFORCE RAPC WORLDWIDE P.C.,<br><br>Plaintiff,<br><br>v.<br><br>CHRIS DEMASSA,<br><br>Defendant. | Case No. 18-cv-00043-MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT; DENYING DEFENDANT'S REQUEST TO DISMISS, CONSTRUED AS MOTION FOR SUMMARY JUDGMENT; VACATING HEARING** |

Before the Court are two motions: (1) plaintiff's "Motion for Partial Summary Judgment," filed October 30, 2019; and (2) defendant's "Request to Dismiss Case," filed November 1, 2019, which request the Court, by order filed November 13, 2019, has construed as a motion for summary judgment. The motions have been fully briefed. Having read and considered the papers filed in support of and in opposition to the motions, the Court deems the matters appropriate for decision on the parties' respective written submissions, VACATES the hearing scheduled for December 20, 2019, and rules as follows.

**A. Plaintiff's Motion for Partial Summary Judgment**

In the operative complaint, the Second Amended Complaint ("SAC"), plaintiff alleges defendant, who conducts business in California, "has been engaging in the unauthorized practice of law" and, consequently, "has violated the unlawful prong" of § 17200 of the California Business & Professions Code.[1] (See SAC ¶ 73.) By the instant motion, plaintiff seeks summary judgment on said claim. In particular, plaintiff seeks an

---

[1] Plaintiff also alleges defendant has engaged in false advertising. Those claims are not the subject of plaintiff's motion.

1  injunction that would permanently enjoin defendant from conducting nine activities that,
2  according to plaintiff, constitute the practice of law. (See Pl.'s Proposed Order, filed
3  October 30, 2019.)

4  Pursuant to Rule 56 of the Federal Rules of Civil Procedure, a "court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(a). Where, as here, the moving party "bears the burden of proof at trial, he must come forward with evidence which would entitle him to a directed verdict if the evidence went uncontroverted at trial." See Houghton v. South, 965 F.2d 1532, 1536 (9th Cir. 1992) (internal citation and quotation omitted); see also Fontenot v. Upjohn, 780 F.2d 1190, 1194 (5th Cir. 1986) (holding where plaintiff moves for summary judgment on issue upon which it bears burden of proof, it "must establish beyond peradventure all of the essential elements of the claim") (emphasis in original).

To be entitled to injunctive relief under § 17200, a plaintiff must establish the defendant has engaged in an "unlawful, unfair, or fraudulent business act or practice," see Cal. Bus. & Prof. Code § 17200, and that the plaintiff "has suffered injury in fact and has lost money or property as a result of the unfair competition," see Cal. Bus. & Prof. Code § 17204.

Here, even assuming defendant has engaged in an unlawful practice, specifically, the unauthorized practice of law, plaintiff has not offered any evidence to demonstrate it has lost money or property as a result thereof, and, consequently, has failed to show it is entitled to relief under § 17200. Additionally, even assuming defendant has engaged in an unlawful practice that has caused plaintiff to lose money or property, plaintiff has failed to explain why issuance of a permanent injunction is warranted, let alone offer evidence in support thereof. See eBay, Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006) (holding plaintiff seeking permanent injunction must show, inter alia, that it "suffered an irreparable injury," that other remedies are "inadequate," and that, "considering the balance of hardships between the plaintiff and defendant, a remedy in equity is

1 warranted").

2 Accordingly, plaintiff's motion will be denied.

3 **B. Defendant's Request to Dismiss, Construed as Motion for Summary Judgment**

4 In his motion, defendant argues that, for several reasons, plaintiff's claims lack
5 merit.

6 "[A] moving party without the ultimate burden of persuasion at trial . . . may carry
7 its initial burden of production [on summary judgment] by either of two methods. The
8 moving party may produce evidence negating an essential element of the nonmoving
9 party's case, or . . . may show that the nonmoving party does not have enough evidence
10 of an essential element of its claim." See Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210
11 F.3d 1099, 1105 (9th Cir. 2000).

12 Here, the Court, for the following reasons, finds defendant has neither produced
13 evidence that negates an essential element of any of plaintiff's claims nor has he shown
14 plaintiff lacks evidence to support an essential element of any of its claims. First, as to
15 plaintiff's false advertising claims, although plaintiff does not appear to dispute
16 defendant's assertion that plaintiff lacks evidence of actual confusion caused by
17 defendant's advertising, any such lack of evidence does not foreclose plaintiff from
18 establishing its claim; although a plaintiff may rely on evidence of actual deception, a
19 plaintiff may alternatively show the challenged advertisements "have the tendency to
20 deceive a substantial segment of their audience." See Cook, Perkiss & Liehe, Inc. v.
21 Northern California Collection Service Inc., 911 F.2d 242, 244 (9th Cir. 1990).[2] Second,
22 with respect to plaintiff's claim that defendant has engaged in the unauthorized practice
23 of law, although defendant asserts that, in or around 2005, he was "investigated" by the
24 "Court of Appeals" and "passed" (see Def.'s Mot. at 5) and currently is "in 100%

---

[2] In its opposition, plaintiff asserts it "conducted consumer surveys" as to defendant's advertising (see Pl.'s Opp. at 4:19) and submits an "expert report" pertaining to one such survey (see id. Ex. 1). The Court, at this time, makes no finding as to the admissibility of such survey or the expert's opinions.

3

compliance with the USPTO under their guidelines" (see id.), defendant has not offered evidence to support either such assertion. Lastly, as to both the false advertising and unauthorized practice claims, defendant has failed to offer evidence to support his assertion that plaintiff's alleged loss of clients was caused by plaintiff's own business practices.

Accordingly, defendant's motion will be denied.

## CONCLUSION

For the reasons stated above:

1. Plaintiff's motion for partial summary judgment is hereby DENIED; and

2. Defendant's request to dismiss, construed as a motion for summary judgment, is hereby DENIED.

**IT IS SO ORDERED.**

Dated: December 16, 2019

_____
MAXINE M. CHESNEY
United States District Judge