UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGALFORCE RAPC WORLDWIDE P.C.,<br><br>Plaintiff,<br><br>v.<br><br>CHRIS DEMASSA,<br><br>Defendant. | Case No. 18-cv-00043-MMC (TSH)<br><br>**ORDER RE: RENEWED MOTION TO RESCIND SANCTIONS**<br><br>Re: Dkt. No. 153 |

On October 22, 2019, the Court granted Plaintiff LegalForce RAPC Worldwide, P.C.'s motion for sanctions pursuant to Federal Rule of Civil Procedure 37(b) after Defendant Chris DeMassa failed to comply with two orders compelling him to produce financial records to LegalForce's outside counsel. ECF No. 132. The Court ordered DeMassa to pay LegalForce's fees and costs in the amount of $2,000 and, until DeMassa complied with his discovery obligations, fined him a daily sanction in the amount of $100. As part of its order, the Court granted DeMassa permission to move to vacate the $100 daily sanction once he complied in full with his discovery obligations.

On November 1, 2019, DeMassa filed a "Request to Rescind $2,000 Sanction," stating he "performed to [the Court's] order in full." ECF No. 136. On December 6, 2019, the Court denied DeMassa's motion on two grounds. ECF No. 149. First, the Court noted it did not grant DeMassa permission to move to vacate the $2,000 sanction; it only granted permission as to the $100 daily sanction. Further, the Court imposed the $2,000 sanction because LegalForce had to file multiple motions for sanctions. Regardless of whether DeMassa complied with his discovery obligations, such compliance would have no effect on the amount LegalForce was forced to spend on those motions. Second, to the extent DeMassa sought to vacate the $100 daily sanction, the Court found

there was no indication he produced the underlying financial information for his 2019 financials as ordered.

On December 16, 2019, DeMassa filed a renewed motion to rescind sanctions. ECF No. 153. DeMassa states he has now sent "all the underlying financial information for 2019." In its response, LegalForce states it "is willing to consider the documents it's [sic] outside counsel received from Demassa on December 17, 2019 as finally meeting Demassa's obligation to provide the underlying financial information for his 2019 financials as ordered." ECF No. 155. As LegalForce agrees DeMassa has now complied with the Court's order to produce his financial information, the Court **VACATES** the $100 daily sanction. LegalForce requests the $100 daily sanction apply up until December 17, 2019. However, given DeMassa's pro se status and his statements regarding the financial effect of such sanctions on his business, the Court declines LegalForce's request and vacates the daily sanction in full.

As to the $2,000 sanction, for the same reasons stated in its December 6 Order, the Court **DENIES** DeMassa's motion. DeMassa shall pay LegalForce the $2,000 sanction by February 3, 2020. No further motions to rescind shall be considered.

As part of his request, DeMassa also addresses the merits of LegalForce's case, arguing it "is using the Court against all [its] competitors to do what [it] cannot do fairly in the marketplace - compete fairly, compete competently." Such arguments regarding the merits of this case are not properly before the undersigned and must be addressed to the presiding judge.

**IT IS SO ORDERED.**

Dated: January 6, 2020

THOMAS S. HIXSON
United States Magistrate Judge

2