IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGALFORCE RAPC WORLDWIDE P.C., <br><br> Plaintiff, <br><br> v. <br><br> CHRIS DEMASSA, <br><br> Defendant. | Case No. 18-cv-00043-MMC <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE COUNTERCLAIM; VACATING HEARING** <br><br> Re: Doc. No. 156 |

Before the Court is plaintiff's Motion, filed January 3, 2020, "to Strike Defendant's Counterclaim." Defendant has filed opposition, to which plaintiff has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for determination on the parties' written submissions, VACATES the hearing scheduled for February 14, 2020, and rules as follows.

By order filed February 8, 2019, the Court set May 10, 2019, as the deadline to amend pleadings. On August 29, 2019, defendant amended his answer, and, in so doing, alleged for the first time a counterclaim. The Court, by order filed October 11, 2019, struck the amended answer/counterclaim as untimely, and, by order filed December 6, 2019, denied defendant's motion for reconsideration of the October 11 order. Thereafter, on December 16, 2019, defendant filed a document titled "$1,666,666 Permissive Counterclaim."[1]

---

[1] As a defendant may only assert a counterclaim in an answer, see Bernstein v. IDT Corp., 582 F. Supp. 1079, 1089 (D. Del. 1984), the Court construes defendant's filing of December 16 to be an amended answer and counterclaim, see, e.g., Monumental Life Ins. Co. v. Butler, 2013 WL 12142636, at 1-2 (C.D. Cal. July 22, 2013) (construing document titled "cross-complaint" as "answer to the complaint . . ., which alleges counterclaims against [the plaintiff]").

In its motion, plaintiff argues the "$1,666,666 Permissive Counterclaim" should be stricken as untimely, as it was filed after the deadline of May 10, 2019. In response, defendant, who proceeds pro se, asserts said document is timely, relying on the following language in the Pro Se Handbook available in the Clerk's Office: "No rule governs the time for filing a permissive counterclaim." (<u>See</u> Pro Se Handbook at 28.) Said statement, however, does no more than explain that, in contrast to compulsory counterclaims, no specific "rule" provides a deadline by which permissive counterclaims must be filed.[2] Pursuant to the Federal Rules of Civil Procedure, however, a deadline for the filing of a permissive counterclaim must be set in each case by court order. <u>See</u> Fed. R. Civ. P. 16(b)(2), (b)(3) (providing court "must" issue "scheduling order" and that such order "must limit the time to . . . amend the pleadings"). Consequently, even assuming defendant's counterclaim is permissive in nature, it is untimely as it was filed after the deadline previously set by the Court.

Accordingly, plaintiff's motion to strike the "$1,666,666 Permissive Counterclaim" is hereby GRANTED.[3]

**IT IS SO ORDERED.**

Dated: January 30, 2020

MAXINE M. CHESNEY
United States District Judge

---

[2] The section of the Pro Se Handbook immediately preceding the section quoted by defendant explains that Rule 13(a) of the Federal Rules of Civil Procedure provides a deadline for the filing of compulsory counterclaims.

[3] Plaintiff's request for an award of the costs and attorney's fees incurred in bringing the instant motion is DENIED, as plaintiff has not shown a sufficient basis exists to warrant such award.