IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGALFORCE RAPC WORLDWIDE P.C., <br><br> Plaintiff, <br><br> v. <br><br> CHRIS DEMASSA, <br><br> Defendant. | Case No. 18-cv-00043-MMC <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S SECOND MOTION FOR SUMMARY JUDGMENT** <br><br> Re: Doc. Nos. 207, 214 |

Before the Court is defendant Chris DeMassa's second Motion for Summary Judgment, filed March 23, 2020.[1] Plaintiff LegalForce RAPC Worldwide, P.C. has filed opposition, to which defendant has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.

**BACKGROUND**

In the operative complaint, the Second Amended Complaint ("SAC"), plaintiff, a law firm, asserts three Claims for Relief against defendant, who, plaintiff alleges, is "not a licensed attorney" (see SAC ¶ 8) and "operates a number of different trademark preparation websites" (see SAC ¶ 2). According to the SAC, plaintiff and defendant "compete to provide small businesses with affordable access to legal services that allow them to protect their marks through preparation and filing with the U.S. Patent and Trademark Office ['PTO']." (See SAC ¶ 3.) In the First, Second, and Third Claims for Relief, which claims are brought, respectively, under the Lanham Act, California's Unfair Competition Law, and California's False Advertising Law, plaintiff alleges defendant's

---

[1] By order filed March 20, 2020, the Court granted defendant's motion for leave to file a second motion for summary judgment, and advised the parties the matter would be taken under submission upon completion of briefing.

website contains false and misleading statements, in particular, statements that defendant employs attorneys. In the Second Claim for Relief, plaintiff additionally alleges defendant is engaged in the unauthorized practice of law.

By order filed December 16, 2019, the Court denied defendant's first motion for summary judgment, finding defendant, who at that time was proceeding pro se, had failed to meet his initial burden to show his entitlement to summary judgment.[2] Thereafter, the Court appointed counsel to represent defendant, and, as noted, subsequently granted defendant's motion for leave to file a second motion for summary judgment.

## LEGAL STANDARD

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, a "court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(a).

The Supreme Court's 1986 "trilogy" of Celotex Corp. v. Catrett, 477 U.S. 317 (1986), Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), and Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574 (1986), requires that a party seeking summary judgment show the absence of a genuine issue of material fact. A moving party who does not have the "ultimate burden of persuasion at trial" may meet its initial burden to show entitlement to summary judgment by "show[ing] that the nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial." See Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000). Put another way, the movant may meet its initial burden "by showing – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." See id. at 1105 (internal quotation and citation omitted). Alternatively, the moving party may meet its initial burden by

---

[2] In addition, in the same order, the Court denied plaintiff's motion for summary judgment on its claim asserting defendant is engaging in the unauthorized practice of law, finding plaintiff had not met its initial burden.

2

1  "produc[ing] evidence negating an essential element of the nonmoving party's claim."
2  See id. at 1102.
3  　　　　Where the party moving for summary judgment has met its initial burden to
4  "demonstrate the absence of a material fact," see Celotex Corp., 477 U.S. at 323, the
5  nonmoving party, to defeat the motion, must, by affidavits or other evidence, "designate
6  specific facts showing that there is a genuine issue for trial," see id. at 324 (internal
7  quotation and citation omitted).

**DISCUSSION**

　　　　Defendant seeks summary judgment on each of plaintiff's Claims for Relief.  The
Court considers the three Claims, in turn.

**A. First Claim for Relief:  Lanham Act**

　　　　In the First Claim for Relief, titled "False Advertising and Unfair Competition
[Under] the Lanham Act, 15 U.S.C. § 1125(a)," plaintiff, as noted, alleges defendant has
made false and misleading statements on his websites.[3]

**1.  Liability**

　　　　The Lanham Act does not protect a "consumer who is hoodwinked into purchasing
a disappointing product," but, rather, an individual or entity, such as a competitor, that
incurs "an injury to a commercial interest in reputation or sales."  See Lexmark Int'l, Inc.
v. Static Control Components, Inc., 572 U.S. 118, 131-32 (2014).  Specifically, a plaintiff
must prove the following elements:  "(1) a false statement of fact by the defendant in a
commercial advertisement about its own or another's product; (2) the statement actually
deceived or has the tendency to deceive a substantial segment of its audience; (3) the
deception is material, in that it is likely to influence the purchasing decision; (4) the

---

[3] Defendant asserts the Lanham Act claim is also based on defendant's "use of advertising keywords" and argues such a claim is not cognizable.  (See Def.'s 18:11-13.)  Although the SAC does refer to defendant's having "outbid" plaintiff for certain "keywords" (see SAC ¶ 38), the Lanham Act claim does not seek relief based on any such occurrence (see SAC ¶¶ 62-69; see also Joint Case Management Statement, filed February 1, 2019, at 2:21-22 (describing Lanham Act claim as based on defendant's "statements . . . that he provides attorneys, attorney services and legal advice")).

United States District Court
Northern District of California

defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a lessening of the goodwill associated with its products." See Skydive Arizona, Inc. v. Quattrocchi, 673 F.3d 1105, 1110 (9th Cir. 2012).

Defendant argues plaintiff lacks evidence to establish the allegedly false statements were "material," i.e., that his advertising was "likely to influence the purchasing decision" of consumers, and, in addition, that plaintiff lacks evidence to establish defendant's allegedly false advertising "caused any diversion of sales from [plaintiff] to [defendant]." (See Def.'s Mot. at 14:1-10.) As defendant has not offered affirmative evidence to show there is no likelihood of influence and no diversion of sales, defendant, to meet his initial burden, must show plaintiff has no evidence to the contrary. See Nissan Fire & Marine Ins. Co., 210 F.3d at 1106 (setting forth "two methods" of meeting initial burden).

In that regard, defendant points out that neither of the two expert reports plaintiff has disclosed includes any opinion as to whether the allegedly false advertisements would have influenced consumers or caused consumers to do business with defendant instead of plaintiff (see Kim Decl. Exs. E-F),[4] and that he "did not receive a notice of deposition subpoena from [plaintiff] for the deposition of any of [his] customers" (see DeMassa Decl. ¶ 7). Defendant has not shown, however, plaintiff's only way to prove influence and diversion is by an expert opinion or customer testimony, at least in the absence of, for example, an interrogatory response effectively acknowledging a lack of other evidence.[5] Consequently, defendant has failed to meet his initial burden to show

---

[4] One expert provided a damages calculation (see Kim Decl. Ex. F), and the other offered an opinion as to the methodology utilized in a survey (see id. Ex. E).

[5] The Court recognizes the limitations faced by defendant's counsel as a result of the timing of their appointment. During the entirety of the period in which discovery was open, defendant proceeded pro se and has acknowledged he took no discovery during that time. (See Def.'s Req., filed January 7, 2020, at 3:13.)

plaintiff lacks evidence to prove those elements. See Nissan Fire & Marine Ins. Co., 210 F.3d at 1106.

Moreover, as plaintiff points out, where an advertisement is "literally false," courts "assume [those] false statements actually mislead consumers" and such statements "are presumed material." See POM Wonderful LLC v. Purely Juice, Inc., 2008 WL 4222045, at *11 (C.D. Cal. July 17, 2008) (collecting cases). Here, plaintiff claims defendant states on his website he "has a staff of 21, including 5 trademark attorneys" and, in support thereof, has attached to the SAC a printout of a webpage containing the statement. (See SAC ¶ 17, Ex. C.) Defendant has not offered evidence that his staff includes attorneys or that plaintiff lacks evidence to show it does not, nor, at least in the context of the instant motion, has defendant shown the challenged statement is not, as a matter of law, literally false.

Accordingly, defendant has failed to show he is entitled to summary judgment on the issue of liability.

**2. Remedies**

The possible remedies available for a violation of the Lanham Act are injunctive relief, see 15 U.S.C. § 1116(a), damages sustained by the plaintiff, see 15 U.S.C. § 1117(a), and the defendant's profits, see id. Defendant argues plaintiff lacks evidence to establish its entitlement to any of those possible remedies.

With respect to injunctive relief, defendant argues plaintiff has not, either in support of its motion for summary judgment,[6] or in any other filing, offered evidence to show it has suffered, or in the absence of an injunction will suffer, irreparable injury. Defendant does not contend, however, there is any filing in which plaintiff made a statement even suggesting it lacks such evidence or from which the Court otherwise could find plaintiff is foreclosed from establishing its entitlement to injunctive

---

[6] As noted above, the Court denied plaintiff's motion for summary judgment.

5

relief.[7]  Consequently, the absence of such evidence in the current record is not a basis on which summary judgment may be granted.  See Nissan Fire & Marine Ins. Co., 210 F.3d at 1105 (holding party moving for summary judgment may not "require the nonmoving party to produce evidence supporting its claim . . . simply by saying that the nonmovant has no such evidence"; explaining movant may not "use a summary judgment motion as a substitute for discovery").

Accordingly, defendant has failed to show he is entitled to summary judgment on the issue of plaintiff's entitlement to injunctive relief under the Lanham Act.

With respect to damages, defendant submits copies of complaints filed by plaintiff in other actions, in which pleadings plaintiff claimed various advertising practices, unauthorized practices of law, and/or other actions by competitors other than defendant caused plaintiff to lose revenue and incur other losses.  (See Kim Decl. ¶¶ Exs. G-M.) Defendant, however, fails to support its contention that plaintiff, by such arguable admissions, is foreclosed from showing defendant caused all or part of the injuries alleged in the instant action.  Although, as defendant points out, plaintiff has not, in support of its motion for summary judgment or in any subsequent filing, offered evidence establishing a loss of money or property attributable to defendant's advertising, the absence of any such evidence in the current record is not, as discussed above, a ground upon which summary judgment may be granted.

Accordingly, defendant has failed to show he is entitled to summary judgment on the issue of plaintiff's entitlement to damages under the Lanham Act.

Lastly, with respect to defendant's profits, defendant, citing TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820 (9th Cir. 2011), argues plaintiff cannot show entitlement thereto, as "an award of profits with no proof of harm is an uncommon remedy in a false

---

[7] Although, as defendant notes, plaintiff has not disclosed an expert report containing an opinion as to irreparable harm, and assuming such omission would foreclose plaintiff from relying on an expert to establish irreparable harm (see Pretrial Preparation Order, filed February 8, 2019, at 1 (setting deadline for expert disclosure)), any such ruling would not bar plaintiff from offering non-expert evidence on the issue.

1  advertising suit" that does not involve "false comparative advertising." See id. at 831.[8]  At
2  this stage of the proceedings, however, although the advertising here at issue does not
3  appear to compare the services offered by the respective parties, defendant, for the
4  reasons discussed above, has not shown plaintiff lacks proof of harm.
5  Accordingly, defendant has failed to show he is entitled to summary judgment on
6  the issue of plaintiff's entitlement to defendant's profits under the Lanham Act.

**B.  Second Claim for Relief:  § 17200**

In the Second Claim for Relief, titled "California Unfair Competition in Violation of Cal. Bus. & Prof. Code § 17200 et seq.," plaintiff alleges defendant is engaging in the following business practices: (1) an "unlawful" business practice, specifically, engaging in the unauthorized practice of law, in violation of 37 C.F.R. § 11.14 and California Business & Professions Code § 6125 (see SAC ¶ 73); (2) an "unfair" business practice, specifically, using "deceptive advertising" that causes "consumers" to "believe that [defendant's] services are comparable to those offered by comparably priced attorney led services" (see SAC ¶ 74); and (3) a "fraudulent" business practice, specifically, "fraudulently advertis[ing]" himself as a lawyer, which practice is "likely to deceive reasonable, average customers" (see SAC ¶ 75).

**1.  Reliance**

Under California law, a plaintiff may bring a § 17200 claim only if it "has lost money or property as a result of the [alleged] unfair competition."  See Cal. Bus. & Prof. Code § 17204.

Here, defendant argues, each of the practices identified in the SAC is based on the theory that he is misleading consumers, and that a plaintiff who bases a § 17200

---

[8] In his moving papers, defendant also argues a finding of willfulness is a prerequisite to an award of profits, and that plaintiff lacks evidence of willfulness. Subsequent to the completion of briefing, however, the Supreme Court held, as defendant thereafter acknowledged (see Statement of Recent Decision, filed April 23, 2020), willfulness is not a prerequisite for an award of profits where, as here, a plaintiff brings a Lanham Act claim under § 1125(a).  See Romag Fasteners, Inc. v. Fossil Group, Inc., 140 S. Ct. 1492 (2020).

claim on the theory that consumers are being deceived by the defendant's misrepresentations may only bring such claim if it relied to its detriment on those misrepresentations. Noting plaintiff has never asserted it relied on any of the alleged misrepresentations, defendant argues he is entitled to summary judgment on the § 17200 claim.

As set forth in In re Tobacco II Cases, 46 Cal. 4th 298 (2009), a plaintiff alleging a § 17200 claim "based on a fraud theory involving false advertising and misrepresentations to consumers" can establish the requisite elements only if such plaintiff "prove[s] actual reliance" on the false advertising and misrepresentations. See id. at 325, 326 n.17, 328. Although the plaintiff in In re Tobacco II Cases was a consumer, the California Supreme Court's reasoning was not expressly limited to cases filed by consumers, and the majority of districts courts that have considered whether the holding in In re Tobacco II Cases applies to cases filed by competitors have found it does. See, e.g., Equinox Hotel Management, Inc. v. Equinox Holdings, Inc., 2018 WL 659105, at *13-14 (N.D. Cal. February 1, 2018) (citing cases); L.A. Taxi Cooperative, Inc. v. Uber Technologies, Inc., 114 F. Supp. 3d 852, 866-67 (N.D. Cal. 2015) (applying In re Tobacco II Cases to § 17200 false advertising claim brought by competitor; noting, "in general," under California law, "a fraud action cannot be maintained based on a third party's reliance"). The Court finds persuasive the reasoning set forth in the cases reflecting the majority view, and next addresses the effect of such ruling on the claims raised here.

First, to the extent plaintiff's § 17200 claim is based on an "unfair" practice, the claim is solely premised on "deceptive advertising" that is allegedly "causing injury to consumers" (see SAC ¶ 74), and, to the extent the claim is based on a "fraudulent" practice, it is solely premised on "false and misleading statements" allegedly made to "customers" (see SAC ¶ 75). Accordingly, in light of In re Tobacco II Cases and the above-referenced federal cases, the Court finds defendant is entitled to summary judgment on the § 17200 claim to the extent it is based on such advertising and

statements.

To the extent plaintiff's § 17200 claim is based on an "unlawful" practice, however, specifically, the unauthorized practice of law, the Court finds In re Tobacco II Cases no bar to plaintiff's pursuing such claim, given that a defendant can engage in the unauthorized practice of law irrespective of whether a consumer is misled as to the defendant's lack of status as an attorney.  Consistent with such finding, the California Court of Appeal has held a law firm may base an "unlawful" § 17200 claim on a competitor's alleged unauthorized practice of law.  See Law Offices of Matthew Higbee v. Expungement Assistance Services, 214 Cal. App. 4th 544, 547-48 (2013); see also Klingebiel v. Lockheed Aircraft Corp., 494 F.2d 345, 346 n. 2 (9th Cir. 1974) (holding "[d]ecisions of the California Courts of Appeal are to be followed by a federal court where the Supreme Court of California has not spoken on the question, in the absence of convincing evidence that the highest court of the state would decide differently").

Accordingly, to the extent plaintiff's § 17200 claim is based on an alleged "unlawful" practice, the Court turns to the remaining arguments defendant raises in support of summary judgment.

### 2. Evidence of Lost Money or Property

Defendant, raising the same arguments he made in connection with plaintiff's claim for damages under the Lanham Act, argues plaintiff cannot show it lost money or property as a result of defendant's alleged practice of law.  For the reasons stated above with respect to the Lanham Act claim, the Court finds defendant is not entitled to summary judgment on such ground.

### 3. Preemption

Plaintiff alleges defendant engages in the following acts, all of which plaintiff asserts constitute the practice of law:  (1) "advis[ing] potential clients on whether they should file a trademark application"; (2) "choos[ing] classifications" (3) "modif[ying] descriptions of goods and services; (4) "advis[ing] on the acceptability of specimens for his clients"; (5) "mak[ing] sure the forms are filled out correctly before filing"; and

1  (6) "respond[ing] to minor office actions." (See SAC ¶ 73.b.) According to plaintiff, such conduct is in violation of 37 C.F.R. § 11.14, under which only an "individual who is an attorney" may "represent others" before the PTO, see 37 C.F.R. § 11.14(a),[9] and in violation of California Business & Professions Code § 6125, under which "[n]o person shall practice law in California unless the person is an active licensee of the State Bar," see Cal. Bus. & Prof. Code § 6125.

Defendant argues plaintiff's unauthorized practice of law claim is preempted to the extent it is based on an alleged violation of § 6125.

"[S]tate licensing requirements which purport to regulate private individuals who appear before a federal agency," such as "the PTO," are "invalid." See Augustine v. Department of Veterans Affairs, 429 F.3d 1334, 1340 (Fed. Cir. 2005). Consequently, when based on state law, a claim that a defendant is engaged in the unauthorized practice of law before the PTO is preempted. See Janson v. LegalZoom, Inc., 802 F. Supp. 2d 1053, 1068-69 (W.D. Mo. 2011) (holding, where plaintiff claimed manner in which defendant assisted clients in preparing trademark applications constituted unauthorized practice of law in violation of Missouri statute, defendant entitled to summary judgment on grounds of preemption; noting federal law, specifically, § 11.14, sets forth "exclusive" rule).

Accordingly, to the extent plaintiff's § 17200 claim is based on a violation of § 6125, defendant is entitled to summary judgment.

**4. Restitution**

"[P]rivate individuals" bringing a claim under § 17200 are "limited to injunctive relief and restitution." See California v. IntelliGender, LLC, 771 F.3d 1169, 1174 (9th Cir. 2014).

---

[9] This regulation is subject to two exceptions inapplicable here, specifically, (1) persons who are not attorneys but were "recognized to practice" before the PTO "prior to January 1, 1957" may continue to do so, see 37 C.F.R. § 11.14(b), and (2) certain "foreign attorney[s] or agent[s]" may represent others before the PTO, see 37 C.F.R. § 11.14(c).

10

Defendant argues plaintiff is not entitled to restitution. Plaintiff, however, is no longer pursuing a claim for restitution. Although the SAC includes a claim for restitution (see SAC, Req. for Relief, ¶ 4), plaintiff, in his opposition, acknowledges he now seeks injunctive relief as the sole remedy for defendant's alleged violation of § 17200 (see Pl.'s Opp. at 6:8-9).

### 5. Conclusion as to Second Claim for Relief

Defendant is entitled to summary judgment on plaintiff's § 17200 claim, other than to the extent plaintiff seeks injunctive relief thereunder on the basis of defendant's alleged violation of § 11.14.

**C. Third Claim for Relief: § 17500**

In the Third Claim for Relief, titled "California False & Misleading Advertising in Violation of Cal. Bus. & Prof. Code § 17500 et seq.," plaintiff alleges defendant's advertisements are "false, misleading, and untrue" and have "deceived consumers." (See SAC ¶¶ 83, 84.)

Under § 17500, it is unlawful for a person to "make or disseminate . . . any statement, concerning . . . [his] services, professional or otherwise, or concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof, which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." See Cal. Bus. & Prof. Code § 17500. Under California law, a plaintiff may bring a § 17500 claim only if it "has lost money or property as a result of a violation of [§ 17500]." See Cal. Bus. & Prof. Code § 17535.

Similar to the argument he raised as to the § 17200 claim, defendant argues a plaintiff cannot bring a § 17500 claim in the absence of detrimental reliance.

The California Supreme Court, noting § 17500 "simply codif[ies] prohibitions against certain specific types of misrepresentations," has held a plaintiff bringing a claim thereunder is required to "demonstrate actual reliance on the allegedly deceptive or misleading statements" in the same manner as is required for a § 17200 claim based on

11

misrepresentation. See Kwikset Corp. v. Superior Court, 51 Cal. 4th 310, 326-27 and n.9 (2011) (citing In re Tobacco Cases II). Although the California Supreme Court considered this issue in the context of a claim in which the plaintiff was a consumer, see id. at 319, its reasoning was not expressly limited to cases filed by consumers, and the majority of district courts that have considered the issue have held such reasoning likewise applies to cases filed by competitors, a holding with which this Court agrees. See, e.g., Equinox Hotel Management, Inc., 2018 WL 659105, at *15 (citing cases); A White & Yellow Cab, Inc. v. Uber Technologies, Inc., 2017 WL 1208384, *7-9 (N.D. Cal. March 31, 2017) (finding no basis to limit California Supreme Court's reliance requirement to cases brought by consumers).

Accordingly, defendant is entitled to summary judgment on plaintiff's § 17500 claim.

## CONCLUSION

For the reasons stated above, defendant's motion for summary judgment is hereby GRANTED in part and DENIED in part, as follows:

1. To the extent plaintiff's Second Claim for Relief is based on (a) unfair and fraudulent business practices, (b) a violation of § 6125, and (c) a claim for restitution, the motion is GRANTED.

2. To the extent defendant seeks summary judgment on the Third Claim for Relief, the motion is GRANTED.

3. In all other respects, the motion is DENIED.

**IT IS SO ORDERED.**

Dated: August 17, 2020

MAXINE M. CHESNEY
United States District Judge