IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGALFORCE RAPC WORLDWIDE P.C.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CHRIS DEMASSA,<br><br>　　　　Defendant. | Case No.  18-cv-00043-MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REOPEN DISCOVERY; VACATING HEARING**<br><br>Re: Doc. No. 224 |

Before the Court is plaintiff's Motion, filed August 25, 2020, "to Reopen Discovery to Depose Ronald Jaicks and William Covey, or in the Alternative, to Call Them as Witnesses at Trial."  Defendant has filed opposition.[1]  Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for determination on the parties' respective written submissions, VACATES the hearing scheduled for September 11, 2020, and rules as follows.

In its Pretrial Preparation Order filed February 8, 2019, the Court set September 9, 2019, as the deadline to complete fact discovery.  Plaintiff now seeks an order amending said deadline for the purpose of allowing plaintiff to depose two individuals, specifically, William Covey ("Covey"), the Director of the United States Patent and Trademark Office's ("USPTO") Office of Enrollment and Discipline ("OED"), and Ronald Jaicks ("Jaicks"), an attorney at the OED.

A pretrial schedule "may be modified only for good cause."  See Fed. R. Civ. P. 16(b)(4).  Here, even assuming, as plaintiff asserts, it was unaware of the need to depose Covey and Jaicks until November 13, 2019, plaintiff waited more than nine months before

---

[1] Pursuant to the parties' stipulation, no reply has been filed.  (See Stipulation, filed August 25, 2020, at 2:15-25.)

filing the instant motion to reopen discovery, and plaintiff's explanation, that it was waiting for the Court to resolve defendant's motion for summary judgment, is not sufficient cause for such delay, particularly given the fact that defendant's motion was not filed until March 23, 2020, more than four months after the date on which plaintiff states it first learned of a need to depose the above-referenced witnesses.  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (holding, if party moving to reopen discovery under Rule 16(b) "was not diligent, the inquiry should end").

Further, although plaintiff argues the "jury may get confused if they can only hear [defendant's] testimony claiming that his practice is approved by the USPTO" (see Pl.'s Mot. at 5:3-4), the question of whether defendant is engaged in the practice of law will be tried to the Court, not a jury, and, in any event, any such testimony may be subject to objection under the Rules of Evidence.  See Fed. R. Evid. 803-04 (listing exceptions to hearsay rule).

Accordingly, to the extent plaintiff seeks an order reopening discovery, the motion is hereby DENIED.

Plaintiff seeks, in the alternative, an order allowing it "to call [Covey and Jaicks] as witnesses at trial."  (See Pl.'s Mot. a 9:16.)  Defendant, who appeared pro se until a date after all pretrial deadlines had passed, did not conduct discovery.  Consequently, there is, at present, no apparent ground upon which he might object to their being called to testify at the trial.  Nevertheless, plaintiff does not assert that either such potential witness would voluntarily appear at the trial, and, as both reside in and work in the vicinity of Washington, D.C., they are beyond the subpoena power of this Court.  See Fed. R. Civ. P. 45(c)(1).

Accordingly, to the extent plaintiff may be seeking an order requiring Covey and Jaicks to appear as trial witnesses, the motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: September 9, 2020

MAXINE M. CHESNEY
United States District Judge

2